IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| BRIAN C. WILLIAMS, et al., | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| v. | ) | 1:19-CV-1076 |
| THE ESTATES LLC, et al, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, District Judge.

In June 2022, the Court entered a money judgment in favor of the plaintiffs, Brian Williams, Maricol de Leon, Jairo da Costa, and Mike Gustafson, and against the defendants, including Avirta LLC, King Family Enterprises LLC, GG Irrevocable Trust, and Craig Brooksby. The judgment has not been satisfied.

The plaintiffs seek to collect on the judgment through the entry of charging orders: court orders that direct a limited liability company in which a judgment debtor has an economic interest to pay any money the LLC would otherwise pay the judgment debtor toward satisfaction of the judgment. The plaintiffs have identified several LLCs in which they say defendants Avirta, King Family Enterprises, GG Irrevocable Trust and Mr. Brooksby have economic interests, and they seek entry of charging orders directing those LLCs to withhold any distributions, allocations, or other payment obligations to these defendants and instead to make such payments toward satisfying the judgment.

Under the applicable North Carolina statute, the plaintiffs are judgment creditors of the defendants and have applied for a charging order to a court of competent jurisdiction. A charging order is thus appropriate to any LLC in which a defendant is an "interest owner."

Avirta, King Family Enterprises, and GG Irrevocable Trust are interest owners in various LLCs and their economic interest in those LLCs will be charged with the payment of the unsatisfied amount of the judgment. But the plaintiffs have not shown that Mr. Brooksby is an interest owner in any of the LLCs. For these reasons, the plaintiffs' motion will be granted only in part.

## I. North Carolina's Charging Order Statute

Federal Rule of Civil Procedure 69(a)(1) governs the enforcement of a money judgment in federal court. The procedure to execute a money judgment in federal court "must accord with the procedure of the state where the court is located," Fed. R. Civ. P. 69(a)(1), here, North Carolina. Under North Carolina law, a "charging order" is "the exclusive remedy by which a judgment creditor of an interest owner [in an LLC] may satisfy the judgment from or with the judgment debtor's ownership interest." N.C. Gen. Stat. § 57D-5-03(d).

The North Carolina Limited Liability Company Act, § 57D-1-01 *et seq.*, governs "the internal affairs of every LLC," including a determination of "the rights and duties of interest owners, managers, and other company officials." § 57D-1-02(a). Section 57D-5-03 of the Act provides that:

2

> On application to a court of competent jurisdiction by any judgment creditor of an interest owner, the court may charge the economic interest of an interest owner with the payment of the unsatisfied amount of the judgment with interest.

§ 57D-5-03(a).

An "interest owner" is "[a] member or an economic interest owner." § 57D-1-03(15). An "economic interest owner" "owns an economic interest but is not a member [of an LLC]." § 57D-1-03(11). An "economic interest" is "[t]he proprietary interest of an interest owner in the capital, income, losses, credits, and other economic rights and interests of a limited liability company, including the right of the owner of the interest to receive distributions from the limited liability company." § 57D-1-03(10).

When entered, a charging order provides "a lien on the judgment debtor's economic interest" once it is served upon the LLC. § 57D-5-03(b). The judgment creditor has "the right to receive the distributions that otherwise would be paid to the interest owner with respect to the economic interest," but the LLC is not otherwise responsible for the judgment. § 57D-5-03(a).

To obtain a charging order, a plaintiff must show three things. First, the plaintiff must be a judgment creditor of the defendant. Second, the court to which application is made must be a court of competent jurisdiction. And third, the defendant must be an interest owner in the LLC.

The defendants say in passing that "North Carolina law is not the proper choice of law for this situation," Doc. 251 at 1, but they do not explain why or provide any support for this perfunctory assertion. Here, the rules and statutes apply on their face, and "it is

3

not the court's job to undertake the analysis and legal research needed to support . . . perfunctory argument[s]." *Cathey v. Wake Forest Univ. Baptist Med. Ctr.*, 90 F. Supp. 3d 493, 509 (M.D.N.C. 2015); *accord Lab. Corp. of Am. Holdings v. Kearns*, 84 F.Supp.3d 447, 460 (M.D.N.C. 2015); *Hughes v. B/E Aerospace, Inc.*, No. 12-CV-717, 2014 WL 906220, at *1 n.1 (M.D.N.C. Mar. 7, 2014) ("A party should not expect a court to do the work that it elected not to do."). This choice-of-law argument is waived.[1]

## II. Are the Plaintiffs Judgment Creditors?

In April 2022, the jury returned a verdict in favor of each plaintiff on several causes of action arising out of a bid-rigging conspiracy in which the defendants rigged bids at public auctions on foreclosed properties.[2] Doc. 235. In June 2022, the Court entered a money judgment in favor of each of the plaintiffs and against the defendants, including Avirta, King Family Enterprises, GG Irrevocable Trust, and Mr. Brooksby. Doc. 245. The defendants are jointly and severally liable as to each of the judgment amounts. The judgment has not been satisfied. It is undisputed that each plaintiff is a judgment creditor of Avirta, King Family Enterprises, GG Irrevocable Trust, and Mr. Brooksby. *See id.*

---

[1] *See, e.g.*, *Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief or by failing to develop its argument—even if its brief takes a passing shot at the issue.") (cleaned up); *Schaefer v. Universal Scaffolding & Equip., LLC*, 839 F.3d 599, 607 (7th Cir. 2016) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority."); *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396 n.* (4th Cir. 2014) (same).

[2] For each of the plaintiffs' causes of action, the defendants and the total judgment amounts sometimes varied. *See* Doc. 235. The defendants discussed in this Order are the defendants upon which the plaintiffs have moved for a charging order.

4

### III. Is This Court a Court of Competent Jurisdiction?

The United States District Court for the Middle District of North Carolina has subject matter jurisdiction over the dispute and personal jurisdiction over each defendant. Judgment was entered in this court, which is also responsible for issuing orders as needed to enforce its judgment. The Court concludes that the Middle District is a court of competent jurisdiction.

The defendants do not directly say the Middle District is not a court of competent jurisdiction, but they use words that might be directed to this requirement. First, the defendants make passing reference to "minimum contacts" in the briefing. Doc. 251 at 2. They make no argument nor provide any cases or other law that supports what appears to be a personal jurisdiction theory, and the Court need not spend time on this perfunctory argument. *See supra* note 1. Second, the defendants say the Court cannot issue a charging order to any LLC formed in another state, Doc. 251 at 2, implicitly conceding the propriety of charging orders directed to LLCs formed under North Carolina law.

As to foreign LLCs, the defendants contend that the Court may not enter charging orders against interests in foreign LLCs because "LLC" is defined by the statute as "[a]n entity formed under this Chapter." § 57D-1-03(19). But this isolated definition is not determinative. The statute authorizes a charging order against "the economic interest of an interest owner," § 57D-5-03, and an "economic interest" is defined as, *inter alia*, the "economic rights and interests of a limited liability company," § 57D-1-03(10), which is defined as either a North Carolina LLC or a foreign LLC. § 57D-1-03(17). Read together, these statutes say a court can issue a charging order to a foreign LLC.

There is no language in the statute that bars such a charging order, *see* § 57D-5-03, and other courts applying Chapter 57D have entered a charging order as to foreign LLCs. *See Am. Bank Ctr. v. Barker*, No. 18-MC-103, 2019 U.S. Dist. LEXIS 120685, at *2–4 (W.D.N.C. July 17, 2019); *see also Strum v. Ultima WNC Dev., LLC*, No. 13 CVS 719, 2022 WL 2190134, at *3 (N.C. Sup. Ct. June 16, 2022) (denying charging order as to defendant's interests in foreign LLCs on other grounds and noting the plaintiff could renew its motion should it uncover evidence the defendant was a member of those LLCs).[3] The defendants have not provided any case support for their argument.

### IV. Is the Defendant an Interest Owner in an LLC?

A defendant is an interest owner if it is a member of an LLC or has an economic interest in an LLC, as defined by the statute. *See* discussion *supra*.

#### A. Avirta

The plaintiffs seek to charge Avirta's interest in 28 LLCs. *See* Doc. 248 at 3–4.[4] According to records of the Utah Secretary of State provided by the plaintiffs, Doc. 248-

---

[3] Other courts interpreting similar state statutes have reached the same conclusion. *See Vision Mktg. Res., Inc. v. McMillin Grp., LLC*, No. 10-CV-2252, 2015 WL 4390071, at *5–6 (D. Kan. July 15, 2015) (similar Kansas statute); *German Am. Cap. Corp. v. Morehouse*, No. 13-CV-296, 2017 WL 3411941, at *1 (D. Md. Aug. 4, 2017) (similar Maryland statute); *SEC v. Brogdon*, No. 15-CV-8173, 2021 WL 2802153, at *6–7 (D.N.J. July 2, 2021) (similar New Jersey statute); *but see McElroy v. Sumrall*, No. 18-CV-0002, 2021 WL 1741850, at *1–2 (S.D. Ala. May 3, 2021) (holding Alabama charging order statute applied only to Alabama LLCs).

[4] In their motion, the plaintiffs use spellings of the names of some of these LLCs that differ from that in the records of the Utah Secretary of State provided by the plaintiffs. *Compare* Doc. 248 at 4 (motion, referencing Tibra LLC, Ourhome320EL, LLC, and Galeon, LLC) *with* Doc. 248-1 at 1–2 (Secretary's records for Timbra LLC, OurHome3012EL LLC, Galleon, LLC). The Court will use the spelling from the Utah Secretary of State's records.

1, Avirta is a member of 26 LLCs for which the plaintiffs seek a charging order. *See id.* A member's interest in an LLC is subject to a charging order, *see* §§ 57D-5-03, 57D-1-03(15), so, as to these 26 LLCs a charging order will enter.[5]

As to the two remaining LLCs, Celona, LLC, and Citadel Management of North Carolina, the motion will be denied. The evidence the plaintiffs submit does not establish that Avirta is a member of either LLC. *See* Doc. 248-1. Nor have they provided any other evidence that Avirta is an interest owner in those LLCs.

### B. King Family Enterprises

The plaintiffs seek to charge King Family Enterprises' interest in five LLCs. *See* Doc. 248 at 4. According to Utah Secretary of State records provided by the plaintiffs, King Family Enterprises is a member of each of these five LLCs, *see* Doc. 248-2, so King Family Enterprises is an "interest owner" in them. *See* §§ 57D-5-03, 57D-1-03(15). A charging order will enter as to King Family Enterprises' interest in the five LLCs.[6]

### C. GG Irrevocable Trust

---

[5] The Court will charge Avirta's interest in the following LLCs: Avignon, LLC, Brigadier, LLC, Citadel Management, LLC, Daria, LLC, Debt Executor LLC, Etienne, LLC, Galleon LLC, La Rochelle LLC, Land Development and Investment, LLC, Lightstone Pictures, LLC, Liken LLC, Liken the Bible LLC, Liken the Scriptures LLC, Likenit LLC, Marseille, LLC, Montclair, LLC, Oriental Holdings, LLC, OurHome3012EL, LLC, Pescadero, LLC, Rouen, LLC, Santex LLC, Shaka Management LLC, and The Estates, LLC, The Estates Developments LLC, The Estates Real Estate Group, LLC, and Timbra LLC.

[6] The Court will charge King Family Enterprises' interest in the following LLCs: Avirta LLC, Brothers King LLC, King Entertainment LLC, RCK Marketing LLC, and Temporal Sustainment LLC.

7

The plaintiffs seek to charge GG Irrevocable Trust's interest in King Family Enterprises LLC, its co-defendant. *See* Doc. 248 at 5. According to Utah Secretary of State records provided by the plaintiffs, GG Irrevocable Trust is a member of King Family Enterprises. *See* Doc. 248-3. The Court will charge GG Irrevocable Trust's interest in King Family Enterprises with payment of the unsatisfied amount of the judgment.

The defendants contend that King Family Enterprises is not the proper subject of a charging order, Doc. 251 at 5–6, but the argument is not clear or comprehensible. The defendants agree that a named defendant LLC may be the subject of a charging order if paying out money to another named defendant, *id.* at 7, and they do not address the undisputed fact that GG Irrevocable Trust is a member of this LLC.

### D. Mr. Brooksby

The plaintiffs say that Mr. Brooksby has an economic interest in The Estates, LLC, Timbra LLC, Avirta, King Family Enterprises and 80 to 100 "equity share" LLCs that were assigned title to properties purchased through the Estates' bid-rigging scheme. Doc. 248 at 5–6. The plaintiffs do not contend that Mr. Brooksby is a member of any of these LLCs, and instead contend that he has an "economic interest" in these LLCs such that the LLC is subject to a charging order.[7] *See* § 57D-5-03.

#### 1. The Estates, Timbra, Avirta, and King Family Enterprises

---

[7] The defendants say Mr. Brooksby has no direct economic interest in Rex King Limited Partnership. Doc. 251 at 6–7. The plaintiffs have not sought a charging order as to any interest Mr. Brooksby has in that entity. Doc. 248 at 5–8.

8

Mr. Brooksby is a beneficiary of the GG Irrevocable Trust, *see* Doc. 252-1 at 2, which is a member of King Family Enterprises LLC and which receives funds from The Estates, Timbra, Avirta, and King Family Enterprises. *See* Doc. 248-4 at 2–3. The plaintiffs contend that because Mr. Brooksby is a beneficiary of a trust that receives funds from an LLC, he has an economic interest in that LLC sufficient to satisfy the statutory definition for an interest owner. Doc. 248 at 5.

The statutory definition of "economic interest" is not unlimited. The judgment debtor must have a "proprietary interest . . . in the capital, income, losses, credits, and other economic rights and interests of a limited liability company, including the right . . . to receive distributions from the limited liability company." § 57D-1-03(10). The statute does not define a "proprietary interest,"[8] and the plaintiffs have not provided any case law or other authority that sheds light on whether a trust beneficiary has an economic interest in an LLC because the trust receives funds from or is a member of the LLC. Nor have they pointed to a specific term in the GG Irrevocable Trust that supports a finding that Mr. Brooksby has an "economic interest" in any LLC of which the trust is a member.

The burden is on the plaintiffs to show Mr. Brooksby's economic interest in an LLC, and the Court has no obligation to undertake legal research that a litigant chooses not to provide. *See* discussion *supra*. This aspect of the motion will be denied.

---

[8] Black's Law Dictionary defines the term as "[a] property right; [specifically], the interest held by a property owner together with all appurtenant rights, such as a stockholder's right to vote the shares." *Interest*, Black's Law Dictionary (11th ed. 2019). Rather than settle the issue, this prompts the question of whether the beneficiary to a trust has a property right in the trust. The plaintiffs provided no law on that question either.

### 2. The "Equity Share" LLCs

The evidence at trial established that The Estates, another defendant and judgment debtor, was a membership organization; persons who paid a fee were called members and allowed to use its services. The plaintiffs have presented evidence that:

- When an Estates member bought a property out of foreclosure, the buyer assigned title to an LLC, characterized by Mr. Brooksby as an "equity share" LLC.

- Mr. Brooksby is the manager of these LLCs.

- When the property was later flipped at a profit, the LLC distributed those profits to the Estates member, his or her lender, and The Estates.

- The Estates took somewhere between 40–50% of the profits.

- Mr. Brooksby receives payments from The Estates for his role facilitating these transactions.

- At the time of Mr. Brooksby's deposition, there were 80 to 100 such LLCs in existence, which were often used more than once.

Doc. 248-4 at 6–11.

This evidence is insufficient to show that Mr. Brooksby has an economic interest in these LLCs. The evidence shows The Estates receives distributions from the equity share LLCs, and there is no evidence that Mr. Brooksby receives those distributions. The

fact that Mr. Brooksby later is paid by The Estates, by inference for his work as manager, does not by itself establish that Mr. Brooksby has a "proprietary interest . . . in the capital, income, losses, credits, and other economic rights and interests of a limited liability company, including the right . . . to receive distributions" from the "equity share" LLCs. § 57D-1-03(10); *see generally First Bank v. S & R Grandview, L.L.C.*, 232 N.C. App. 544, 550, 755 S.E.2d 393, 397 (2014) (noting that a charging order does not affect managerial rights).

The plaintiffs say that Mr. Brooksby has an "indirect" right to payments from the equity share LLCs via the Estates and cite cases they contend support the view that such indirect rights are an economic interest as defined by the statute. But that position is not supported by the text of the statute, as discussed *supra*, or any cases they cite.

In *American Bank Center*, for example, the court entered charging orders only as to LLCs in which the judgment debtor had an ownership interest. 2019 U.S. Dist. LEXIS 120685, at *2–5. Specifically, the judgment debtor had a significant ownership interest in two LLCs, including Merlin Holdings, LLC, and Merlin Holdings owned an interest in nine other LLCs. *Id.* at *3. The court entered a charging order to the two LLCs, ordering them to make all payments ordinarily due to the judgment debtor to the plaintiff until satisfaction of the judgment. *Id.* at *4–5. In so doing, the court expressly ordered that Merlin Holdings could not make any payments to the judgment debtor until otherwise ordered, including any money Merlin Holdings received from the nine LLCs in which it owned an interest. *Id.* at *4. The court did not, however, issue a charging order to the

11

nine LLCs in which the judgment debtor owned no interest, which is what the plaintiffs propose here.

Likewise, in *Top Gains Mineral Macao Commercial Offshore v. Chen*, 2015 Cal. Super. LEXIS 14834, at *2–4 (Cal Super. Ct. Sept 4, 2015), a judgment debtor owned 60% of the membership interests in Spiro Mining, LLC. The court extended a lien only on distributions owed to the judgment debtor from Spiro, not to distributions a different LLC owed to Spiro. *Id.* at *3. And in *Arvest Bank v. Byrd*, No. 10-CV-2004, 2014 WL 4161987, at *2 (W.D. Tenn. Aug 19, 2014), the court entered a charging order as to "any interest the [judgment debtors] may own in them," noting there was "uncertainty and conflicting information" about the judgment debtors' individual ownership interests in those LLCs.

These cases do not support entering a charging order to LLCs if the judgment debtor receives money from them indirectly via another entity. This aspect of the motion will be denied.

## V. Conclusion

The plaintiffs are judgment creditors and have applied to a court of competent jurisdiction, so a charging order is appropriate to the extent the named defendants are "interest owners" in LLCs. The Court will charge the economic interest that Avirta, King Family Enterprises, and GG Irrevocable Trust have in various LLCs with the payment of the unsatisfied amount of the judgment. But a charging order as to Mr. Brooksby's purported interest in various LLCs is not appropriate because the plaintiffs have not shown that he is an interest owner in those LLCs.

12

It is **ORDERED** that the plaintiffs' motion for a charging order, Doc. 247, is **DENIED** as to Avirta's purported interest in Celona, LLC, and Citadel Management of North Carolina, LLC, and Mr. Brooksby's purported interest in The Estates, Timbra, Avirta, King Family Enterprises and the 80 to 100 "equity share" LLCs. The motion is otherwise **GRANTED.** A separate charging order will issue.

This the 10th day of August, 2022.

_____
UNITED STATES DISTRICT JUDGE