IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BRIAN C. WILLIAMS, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | 1:19-CV-1076 |
| THE ESTATES LLC, et al., | ) ) | |
| Defendants. | ) | |

## ORDER TO SHOW CAUSE

**TO:** Steven W. Shaw

The Court is considering revoking permission for you to appear as counsel of record for various defendants based on your factual assertion, whether true or not, that you failed to timely provide your client, Craig Brooksby, with interrogatories he is required to answer, and for other reasons set forth herein, thus delaying or obstructing lawful proceedings and wasting court resources.

Specifically, the record reflects that:

1. You are not a member of the bar of the United States District Court for the Middle District of North Carolina. Doc. 117.

2. You entered a special appearance on behalf of the defendants, including Craig Brooksby, on January 11, 2021. *Id.*

3. Under Local Rules then in effect, no motion was required for you to appear *pro hac vice*. L.R. 83.1(d) (June 21, 2021 rules), archived at

https://www.ncmd.uscourts.gov/sites/ncmd/files/2021_June_21_CIVRulesEffective.pdf.

4. You remain counsel of record for Mr. Brooksby.

5. The plaintiffs filed interrogatories directed to your client, Mr. Brooksby, on September 16, 2022. Doc. 311.

6. These interrogatories were served on you as counsel of record through the electronic docketing system.

7. According to a response brief filed by you, you did not provide these interrogatories or arrange for these interrogatories to be provided to or answered by Mr. Brooksby. Doc. 337 at 2 (admitting this); *id.* at 7 (stating that "this author is the one at fault. . . . This is an admission by counsel").

8. No attorney of record filed or served any objections or answers to the interrogatories on Mr. Brooksby's behalf. *See* Doc. 335 at 2.

9. According to you, after the plaintiffs filed a motion to compel Mr. Brooksby to answer the interrogatories, Doc. 327, you did not provide the interrogatories to Mr. Brooksby or arrange for the interrogatories to be provided to or answered by Mr. Brooksby. Doc. 337 at 2.

10. No attorney of record filed any response to the motion to compel on Mr. Brooksby's behalf. *See* Doc. 335 at 2.

11. The plaintiffs filed a motion to hold Craig Brooksby in contempt, Doc. 329, based in part on the failure to answer the interrogatories.

2

Case 1:19-cv-01076-CCE-JLW    Document 344    Filed 11/18/22    Page 2 of 8

12. According to you, you provided the interrogatories to Mr. Brooksby several days after the plaintiffs filed the motion to hold Mr. Brooksby in contempt. Doc. 337 at 2 (responding to the plaintiffs' motion for contempt and stating that "[t]he Interrogatories were not give [sic] to Mr. Brooksby by counsel until after this motion was made").

13. On November 9, 2022, the Court ordered Craig Brooksby to file answers to the interrogatories no later than noon on November 18, 2022. Doc. 335 at 3. As of November 18, 2022, at 12:36 p.m., Mr. Brooksby has not filed answers to the interrogatories.

The Court is also considering, either in supplement to the claimed failure to provide Mr. Brooksby with the interrogatories or as an additional independent basis for revoking your *pro hac vice* status, your repeated failure to follow the Court's directions, applicable rules, and basic requirements, which taken together have resulted in an excessive and unjustified drain on court resources. Specifically:

1. You have repeatedly been unable to competently use the electronic docketing system and to file briefs on time. *See, e.g.*, Doc 184 at 1 (noting inability to link a brief to the appropriate motion); Doc. 220 at 1–2 (noting inability to file things on time); Doc. 216 (seeking an extension of time because of poor planning); Doc. 253 (a second motion for an extension of time accompanied by a description of technical problems experienced while trying to file a response close to the deadline). Despite a warning from the Court not to wait until the last minute to file briefs in light of those problems, *see* Text Order 06/30/22,

3

you have again waited until the last minute, had technical problems, and wasted the Court's resources by filing a motion to extend time necessitated by your inability to navigate the technology. Doc. 343.

2. You designated documents as confidential pursuant to a protective order and then objected to their sealing instead of informing plaintiffs' counsel they need not be filed under seal. Doc. 184.

3. You repeatedly filed briefs and affidavits containing unsupported and conclusory personal attacks against plaintiffs' counsel. *See id.* at 2; *see also* Doc. 208 at 3–4 (striking selected paragraphs of Mr. Brooksby's declaration, Doc. 191-1, because they "cast a derogatory light" and "contain[ed] unwarranted personal attacks on counsel"). This happened to such a degree that the Court granted a motion in limine to prohibit you, your co-counsel, and Mr. Brooksby from making *ad hominem* attacks questioning the actions of plaintiffs' counsel. Doc. 224 at 3, 5 ¶ 4. You continue to take unprofessional swipes at plaintiffs' counsel, using briefs to express your irrelevant and unhelpful personal opinions rather than making legal argument. *See, e.g.,* Doc. 337 at 5 (accusing plaintiffs' counsel of a willingness to make a future argument unsupported by evidence "no matter how exhaustive Defendant's [future] response may be"); *id.* at 7 (accusing plaintiffs' counsel of making an argument "to attract attention.").

4. You have been repeatedly warned about the need to follow basic rules governing the practice of law in this Court. *See, e.g.*, Doc. 184 at 2 (citing

4

previous examples); Text Order 06/02/2020 (striking declaration as inappropriate sur-reply brief filed in violation of the Local Rules); Doc. 220 at 2. Yet you have repeatedly failed to follow those rules. For example, despite a reminder that all factual assertions in briefs must be supported by citations to evidence and all legal propositions must be supported by citation to appropriate rule, statute, case law, or other authority, Doc. 184 at 4, you have continued to file briefs that do not comply and that make perfunctory assertions or conclusory arguments. *See, e.g.*, Doc. 244 at 9 (pointing out lack of authority for argument on prejudgment interest); *id.* at 12 (summarizing absence of "case law" or "reason" supporting the defendants' arguments on injunctive relief); Doc. 292 at 3–4 (discussing the defendants' perfunctory assertion about choice of law); *id.* at 5 (noting the defendants' passing reference to jurisdiction); *id.* at 6 (noting absence of case law supporting the defendants' argument); Doc. 298 at 4 (pointing out that "the defendants barely discuss the requirements of Rule 59(e) and have not provided case law addressing why Rule 59(e) should apply to their sufficiency-of-the-evidence challenge"); *id.* at 6 (pointing out the lack of evidence for counsel's "unsupported assertion" and other legal errors). These failures continue. *See* Doc. 323 (the defendants' response to motion for Receiver that contains no citation to evidence or law); Doc. 337 (Mr. Brooksby's response to the plaintiffs' motion for contempt with numerous factual assertions not supported with citations to the record or other evidence). These failures have required the Court to develop special procedures to avoid

5

problems caused by your failures. *See* Doc. 220 at 2–3 (establishing special process for supplemental briefs necessitated by counsel's inability to follow the rules).

5. Despite a request from the Court that you proofread your briefs, *see* Text Order 10/29/2021, you have continued to file motions and briefs that are full of typographical errors and sentence fragments. This wastes the Court's time, as it must read the sentence a second time, correcting the typo in its head, or even more times as it attempts to figure out what you are trying to say. *See, e.g.*, Doc. 251 at 1 ("While Defendants contend the North Carolina law is not the proper choice of law for this situation, even under North Carolina law, and the authorities cited by Plaintiffs."); *id.* at 5 ("The interests of none defendant members/owners are not."); Doc. 313 at 4 ("The stops at the point that the Court probes into the private financial affairs of persons/entities not a party to this suit without cause."); *id.* at 5 ("The is excessive."); Doc. 323 at 1 ("If the properties are not handles correctly they we bring a negative return.").

6. You have previously had motions and briefs stricken for failure to comply with the requirements of the Local Rules that motions be filed separately and supported by a brief. *See* Text Order 02/19/2021; *see also* L.R. 7.3. Despite this, you filed a motion for attorneys' fees that was not accompanied by a brief or any evidence. *See* Doc. 306; *see also* LR 54.2 (requiring such a motion to be supported by "affidavits, time records, or other evidence, setting forth the factual basis for each criterion").

7. All of these problems have accelerated and multiplied since the jury verdict against your clients, as the dates of the orders *supra* reflect.

The evidence supports a finding that you took no action to obtain answers to the interrogatories from your client Craig Brooksby and that you neglected your professional responsibilities. Taken with all other evidence of record, it also supports a competing inference that you or another attorney did provide the interrogatories to Mr. Brooksby before answers were due and that you are being dishonest or disingenuous with the Court. All the evidence supports a finding that you do not take seriously your obligation to follow applicable rules and orders and that your intransigence, inattention, and/or lack of professionalism have resulted in unnecessary problems for court staff, the Court, and opposing counsel.

You are hereby given an opportunity to **SHOW CAUSE** why any of these facts are incorrect or incomplete by filing evidence on the docket no later than November 29, 2022, at 9:00 a.m. If you want to direct the Court's attention to contrary or otherwise relevant evidence, or to dispute the inferences or conclusions presently supported by the evidence, you **MUST** file a written response to this Order; the response **SHALL** contain citations to all evidence, including any newly-filed evidence, by docket and page number appended by the CM-ECF system, and the response shall be filed no later than November 29, 2022, at 2:00 p.m., to allow you time to include record citations. If you make factual representations in the response that are not supported by a declaration under oath or other evidence and a proper citation to that evidence, the Court will disregard them. Any new evidence **SHALL** distinguish between any acts or omissions by you and any acts or

omissions by your co-counsel. If you fail to file any evidence and fail to file a response, the Court may deem some or all of the facts set forth herein admitted, will assume that you consent to your removal as counsel of record, and may consider that failure as further support for the possible conclusions and inferences noted herein.

You will be given an opportunity to **SHOW CAUSE** at the upcoming hearing on November 29, 2022, as to why the Court should not revoke permission for you to appear as counsel of record in this Court *pro hac vice*. If you fail to appear, the Court will immediately revoke permission for you to appear as counsel of record for any defendant in this case.

**SO ORDERED**, this the 18th day of November, 2022.

_____
UNITED STATES DISTRICT JUDGE

8

Case 1:19-cv-01076-CCE-JLW   Document 344   Filed 11/18/22   Page 8 of 8