IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BRIAN C. WILLIAMS, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | 1:19-CV-1076 |
| THE ESTATES LLC, et al., | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER
REVOKING PERMISSION FOR PRO HACE VICE APPEARANCE OF
STEVEN W. SHAW**

Catherine C. Eagles, District Judge.

Steven W. Shaw has been appearing as counsel of record for many of the defendants since early in this litigation. He is not a member of the bar of this Court. As a result of his conduct, and after giving Mr. Shaw notice and an opportunity to be heard, the Court revokes its permission for Mr. Shaw to appear as counsel of record *pro hac vice*. This Order restates and supplements the findings and conclusions stated in open court on November 29, 2022.

I. **Legal Standard**

A district court has inherent authority "to control admission to its bar and to discipline attorneys who appear before it." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *In re Snyder*, 472 U.S. 634, 645 n.6 (1985) ("Federal courts admit and suspend attorneys as an exercise of their inherent power . . . ."). *Pro hac vice* admission is a privilege, not a right. *See Leis v. Flynt*, 439 U.S. 438, 443–44 (1979) (per curiam);

*Thomas v. Cassidy*, 249 F.2d 91, 92 (4th Cir. 1957) (per curiam); *Ramirez v. England*, 320 F. Supp. 2d 368, 374 (D. Md. 2004). It comes with duties of candor and professionalism, *La Michoacana Nat., LLC v. Maestre*, __ F. Supp. 3d __, No. 17-CV-727, 2020 WL 1126183, at *4 (W.D.N.C. Mar. 6, 2020), along with a duty of competence. *See Ramirez*, 320 F. Supp. 2d at 376 ("Court[s] not only may, but should, take into account whether the attorney in question has demonstrated sufficient competence and character to be permitted, in association with a member of the bar of this Court, to represent a litigant.").

The admission of an attorney *pro hac vice* is within the Court's discretion, as is revocation of that privilege. *A1 Procurement, LLC v. Thermcor, Inc.*, No. 15-CV-15, 2015 WL 13733927, at *3–4 (E.D. Va. Nov. 18, 2015) (Mag. J., recommendation), *adopted*, 2016 WL 184397 (E.D. Va. Jan. 15, 2016). Before revocation, the Court must provide the attorney with notice of the specific grounds for revocation and an opportunity to be heard. *A1 Procurement*, 2015 WL 13733927, at *4–5; *Belue v. Leventhal*, 640 F.3d 567, 577 (4th Cir. 2011).

There are many reasons that revocation might be appropriate, including violations of applicable rules of professional conduct, fraud, lack of candor with the court, or competence or character issues. *See Estate of Williams v. Radford*, No. 18-CV-182, 2018 WL 6065423, at *2 (W.D.N.C. Nov. 20, 2018); *A1 Procurement*, 2015 WL 13733927, at *4. "[E]ven if there is not one bold ground to revoke an attorney's *pro hac vice* admission, the Court has the discretion to revoke an attorney's *pro hac vice* status based on the combined effect of an attorney's misconduct and disregard for the Local Rules."

2

*A1 Procurement*, 2015 WL 13733927, at *4; *accord La Michoacana Nat.*, 2020 WL 1126183, at *4.

## II. Notice and Opportunity to Be Heard

On November 18, 2022, after Mr. Shaw advised the Court of his personal responsibility for failing to provide interrogatories to his client as detailed *infra*, the Court entered an Order to show cause, advising Mr. Shaw that it was considering revoking permission for him to appear as counsel of record and detailing a long and specific list of problems. Doc. 344. The Order established a schedule providing Mr. Shaw with the opportunity to file evidence and a brief. Doc. 344 at 7. Mr. Shaw filed evidence, *see* Docs. 355, 355-1, 357, and was given an opportunity to be heard on November 29, 2022. At that hearing, Mr. Shaw addressed the Court. He declined the opportunity to file any further written response or brief.

## III. Findings of Fact

Steven W. Shaw is not a member of the bar of the United States District Court for the Middle District of North Carolina. Doc. 117. He entered a special appearance on behalf of many of the defendants in this case, including Craig Brooksby, on January 11, 2021, in conjunction with a member of this bar, John David Matheny II. *Id.* Under the Local Rules then in effect, no motion was required for Mr. Shaw to appear *pro hac vice*. L.R. 83.1(d) (June 21, 2021 rules), archived at https://www.ncmd.uscourts.gov/sites/ncmd/files/2021_June_21_CIVRulesEffective.pdf.

Until the Court's oral Order entered at the November 29, 2022, hearing, *see* Minute Entry 11/29/2022, Mr. Shaw remained as counsel of record for various

3

defendants, including Mr. Brooksby, along with Mr. Matheny. Mr. Shaw had primary responsibility for the case. He did not expect Mr. Matheny to monitor the docket or take other action in defense of the case, generally or during a specific time frame.[1]

The plaintiffs filed interrogatories directed to Mr. Brooksby on September 16, 2022. Doc. 311. These interrogatories were served on Mr. Shaw and Mr. Matheny as counsel of record through the electronic docketing system. *See* Doc. 311 receipt.

According to Mr. Shaw, he "missed the filing of the Interrogatories," Doc. 355 at ¶ 2, and he did not provide these interrogatories to Mr. Brooksby or arrange for these interrogatories to be provided to or answered by Mr. Brooksby. *Id.*; Doc. 337 at 2 (admitting this); *id.* at 7 (stating that "this author is the one at fault. . . . This is an admission by counsel"). Mr. Shaw has offered no evidence that he had a system in place for anyone else to monitor the docket or to take responsibility for responding to filings by the plaintiffs or other defendants.

Mr. Brooksby was required to respond to these interrogatories within 30 days of their filing, but he did not meet this deadline. Doc. 335 at 2. No attorney of record filed or served any objections or answers to the interrogatories on Mr. Brooksby's behalf by that date. *See id.*

On October 21, 2022, the plaintiffs filed a motion to compel Mr. Brooksby to answer the interrogatories. Doc. 327. According to Mr. Shaw, he was out of the country when he saw this motion to compel. Doc. 355 at ¶¶ 4, 8. However, due to health issues

---

[1] This Order does not address the acts and omissions of Mr. Matheny.

4

Mr. Shaw details in his declaration, *id.* at ¶¶ 5–11, corroborated to some extent by his doctor, Doc. 355-1, Mr. Shaw took no action, and he did not send the interrogatories to Mr. Brooksby or arrange for them to be provided to or answered by Mr. Brooksby. Doc. 355 at ¶ 8; Doc. 337 at 2. Mr. Shaw did not arrange for anyone else to monitor the docket while he was out of the country. There is no evidence he informed Mr. Matheny of his travel plans. No attorney of record filed a timely response to the motion to compel.

On October 26, 2022, the plaintiffs filed a motion to hold Mr. Brooksby in contempt, Doc. 329, and in the supporting brief mentioned Mr. Brooksby's failure to answer the interrogatories. Doc. 330 at 7–8. According to Mr. Shaw, it was only after this motion that he provided the interrogatories to Mr. Brooksby. Doc. 337 at 2 (responding to the plaintiffs' motion for contempt and stating that "[t]he Interrogatories were not give [sic] to Mr. Brooksby by counsel until after this motion was made").

On November 9, 2022, the Court ordered Mr. Brooksby to file answers to the interrogatories no later than 12:00 p.m. on November 18, 2022. Doc. 335 at 2–3. On Mr. Brooksby's behalf, Mr. Shaw filed the answers at some point after 12 p.m. on that date. Doc. 347; *see* Doc. 344 at 3 (noting that answers had not been filed as of 12:36 p.m. on November 18, 2022); Doc. 347 receipt (showing that the answers were filed by Mr. Shaw at 11:40 p.m. on November 18, 2022).

By failing to appropriately monitor the docket and timely communicate with his client and co-counsel, Mr. Shaw has not met the professional standards required for *pro hac vice* counsel in this district. The Court need not determine whether these failures were negligent, as his evidence tends to show, or had a more intentional or bad faith

5

purpose; either way his actions and inactions increased the plaintiffs' costs, delayed the proceedings, and wasted the Court's time.

Throughout the course of the litigation, Mr. Shaw has displayed a lack of respect for the proceedings and undermined the dignity and respect to which the proceedings are entitled. He has repeatedly failed to comply with basic requirements for counsel and has failed to follow applicable rules and orders. These failures, taken together, have resulted in an excessive and unjustified drain on court resources. For example:

- Mr. Shaw has repeatedly been unable to competently use the electronic docketing system and to file briefs on time. *See, e.g.*, Doc 184 at 1 (noting inability to link a brief to the appropriate motion); Doc. 220 at 1–2 (noting inability to file things on time); Doc. 216 (seeking an extension of time because of poor planning); Doc. 253 (a second motion for an extension of time accompanied by a description of technical problems experienced while trying to file a response close to the deadline). Despite a warning from the Court not to wait until the last minute to file briefs in light of those problems, *see* Text Order 06/30/2022, Mr. Shaw recently again waited until the last minute, had technical problems, and wasted the Court's resources by filing a motion to extend time necessitated by his inability to navigate the technology. Doc. 343.

- Mr. Shaw designated documents as confidential under a protective order and when plaintiffs' counsel respected that designation, Mr. Shaw objected to their sealing instead of informing plaintiffs' counsel they need not be filed under seal. Doc. 184.

6

- Mr. Shaw repeatedly filed briefs and affidavits containing unsupported and conclusory personal attacks against plaintiffs' counsel. *See id.* at 2; *see also* Doc. 208 at 3–4 (striking selected paragraphs of Mr. Brooksby's declaration, Doc. 191-1, because they "cast a derogatory light" and "contain[ed] unwarranted personal attacks on counsel"). This happened to such a degree that the Court granted a motion in limine to prohibit Mr. Shaw, his co-counsel, and Mr. Brooksby from making *ad hominem* attacks questioning the actions of plaintiffs' counsel. Doc. 224 at 3, 5 ¶ 4. Mr. Shaw continued to take unprofessional swipes at plaintiffs' counsel, using briefs to express his irrelevant and unhelpful personal opinions instead of making legal argument. *See, e.g.*, Doc. 337 at 5 (accusing plaintiffs' counsel of a willingness to make a future argument unsupported by evidence "no matter how exhaustive Defendant's [future] response may be"); *id.* at 7 (accusing plaintiffs' counsel of making an argument "to attract attention.").

- Mr. Shaw has been repeatedly warned about the need to follow basic rules governing the practice of law in this Court. *See, e.g.*, Doc. 184 at 2 (citing previous examples); Text Order 06/02/2020 (striking declaration as inappropriate sur-reply brief filed in violation of the Local Rules); Doc. 220 at 2. Yet he has repeatedly failed to follow those rules. For example, despite a reminder that all factual assertions in briefs must be supported by citations to evidence and all legal propositions must be supported by citation to appropriate rule, statute, case law, or other authority, Doc. 184 at 4, he has continued to file

7

briefs that do not comply and that make perfunctory assertions or conclusory arguments. *See, e.g.*, Doc. 244 at 9 (pointing out lack of authority for argument on prejudgment interest); *id.* at 12 (summarizing absence of "case law" or "reason" supporting the defendants' arguments on injunctive relief); Doc. 292 at 3–4 (discussing the defendants' perfunctory assertion about choice of law); *id.* at 5 (noting the defendants' passing reference to jurisdiction); *id.* at 6 (noting absence of case law supporting the defendants' argument); Doc. 298 at 4 (pointing out that "the defendants barely discuss the requirements of Rule 59(e) and have not provided case law addressing why Rule 59(e) should apply to their sufficiency-of-the-evidence challenge"); *id.* at 6 (pointing out the lack of evidence for counsel's "unsupported assertion" and other legal errors). These failures continue. *See* Doc. 323 (the defendants' response to motion for Receiver that contains no citation to evidence or law); Doc. 337 (Mr. Brooksby's response to the plaintiffs' motion for contempt with numerous factual assertions not supported with citations to the record or other evidence). These failures have required the Court to develop special procedures to avoid problems caused by Mr. Shaw's failures. *See, e.g.*, Doc. 220 at 2–3 (establishing special process for supplemental briefs necessitated by counsel's inability to follow the rules).

- Despite a request from the Court that Mr. Shaw proofread his briefs, *see* Text Order 10/29/2021, he has continued to file motions and briefs that are full of typographical errors and sentence fragments. This wastes the Court's time, as

it must read the sentence a second time, correcting the typo in its head, or even more times as it attempts to figure out what Mr. Shaw is trying to say. *See, e.g.*, Doc. 251 at 1 ("While Defendants contend the North Carolina law is not the proper choice of law for this situation, even under North Carolina law, and the authorities cited by Plaintiffs."); *id.* at 5 ("The interests of none defendant members/owners are not."); Doc. 313 at 4 ("The stops at the point that the Court probes into the private financial affairs of persons/entities not a party to this suit without cause."); *id.* at 5 ("The is excessive."); Doc. 323 at 1 ("If the properties are not handles correctly they we bring a negative return."). Every lawyer occasionally allows a clerical error to slip through, but the volume and extent of Mr. Shaw's mistakes are unusual and at best reflect an ongoing absence of attention.

All of these problems have accelerated and multiplied since the jury verdict against Mr. Shaw's clients, as the dates of the orders cited *supra* reflect. Each and every one of them caused extra work. Taken together, they threaten the Court's ability to control its own proceedings.

## IV. Discussion

Mr. Shaw's failure to forward the interrogatories to Mr. Brooksby is unacceptable for an attorney appearing in this district. It is an obvious and basic requirement of representation to keep a client apprised of developments in a case and to make it possible for a client to comply with legal requirements, such as answering post-judgment

9

interrogatories. Taking Mr. Shaw at his word that he did not send the Interrogatories to his client, he failed to live up to this minimum level expected of all counsel of record.[2]

Mr. Shaw points to the number of filings on the docket around the time the interrogatories were filed as a reason he did not notice the interrogatories, Doc. 355 at ¶ 2, but this is both unsupported by the record, which shows only three filings on September 16, and an unacceptable excuse; the more complicated a case, the more attention a lawyer should pay. Yet Mr. Shaw apparently had no one else keeping an eye on the docket. While his health issues offer some excuse for his failure to respond to the motion to compel, those problems occurred long after the interrogatories were filed. His failure to ask anyone else to monitor the docket while he was out of the country, where those health problems developed, further undermines his effort at reducing his responsibility.

Were this the first problem with Mr. Shaw's representation, the Court might content itself with a warning. Despite the glaring nature of Mr. Shaw's failures, litigants do have an interest in representation by counsel of their choice. But it is not the first problem. It is not the second problem, or the third, or the fourth. Previous warnings and reminders, some of which are mentioned *supra*, have had little to no effect. Mr. Shaw's oral promise at the hearing to "do better" has been made before in previous hearings; yet

---

[2] A violation of an applicable rule of professional conduct is not required before revoking an attorney's *pro hac vice* status; as the case law shows, there are many other reasons revocation might be appropriate. The Court therefore need not address whether Mr. Shaw violated the North Carolina Rules of Professional Conduct, applicable here via Local Rule 83.10(e), by his actions and inactions related to the interrogatories.

there has been no improvement. His empty promises are not credible and the Court gives them no weight.

Some of these violations and problems are minor. But these incremental blows to the dignity of the proceedings add up. A thousand cuts can still cause death, and the time has come to stop the bleeding. Mr. Shaw will no longer be permitted to disrupt and delay these proceedings or to cause extra work for everyone else concerned.

## V. Conclusion

At best, Mr. Shaw has failed to give this case proper attention and has demonstrated a repeated unwillingness to spend the time needed to follow basic requirements expected of all attorneys who represent clients in this district. His general lack of diligence and his ongoing violations of the Local Rules despite repeated reminders have resulted in a waste of court resources and increased expense to other litigants. They have undermined the dignity of the proceedings and the Court's ability to manage this case. Revocation of permission to appear in this case *pro hac vice* is appropriate and necessary. No lesser action will suffice to protect and manage the proceedings.

Mr. Shaw is still subject to the jurisdiction of the Court on a Show Cause Order entered on November 22, 2022, Doc. 351, as corrected on November 28, 2022. Doc. 356. Except for filings made on his own behalf responding to this Show Cause Order, Mr. Shaw is no longer allowed to file on the electronic docket on behalf of any defendant. Mr. Shaw must file his response to the Show Cause Order, Doc. 356, and any evidence separately from other counsel and defendants.

11

It is **ORDERED** that the *pro hac vice* admission of Steven W. Shaw to appear in this case is **REVOKED** and he is **WITHDRAWN** as counsel of record for the defendants. The Clerk **SHALL** no longer accept any filings by Steven W. Shaw in this case except on his own behalf in response to the Show Cause Order at Doc. 356.

This the 6th day of December, 2022.

```
_____
       UNITED STATES DISTRICT JUDGE
```