IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| BRIAN C. WILLIAMS, et al., | ) |
| Plaintiffs, | ) |
| v. | ) 1:19-CV-1076 |
| THE ESTATES LLC, et al., | ) |
| Defendants. | ) |

## ORDER CONFIRMING SALE AND GRANTING RECEIVER'S MOTION TO APPROVE AND CONFIRM THE OFFER TO PURCHASE AND CONTRACT FOR THE REAL PROPERTY LOCATED AT 2104 WOODHAVEN ROAD, CHARLOTTE, NC 28211-2608 IN THE AMOUNT OF $3,250,000.00 AND THE SALE THEREOF FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS

**WHEREAS** this matter has come before this Court upon motion, Doc. 461, as amended, Doc. 475, and supplemented, Doc. Nos. 470 and 482 (the "Motion") of James C. Lanik, Receiver (the "Receiver") to (I) approve the Offer to Purchase and Contract (the "Offer") for the real property located at 2104 Woodhaven Road, Charlotte, NC 28211-2608 (the "Property") in the amount of $3,250,000.00 (the "Offer Price") and the sale thereof free and clear of liens, claims, and interests; (II) appoint three licensed appraisers; (III) approve the form of notice for publication notice; and (IV) schedule a confirmation hearing, and the latter three items having been previously ordered, *see* Doc. 464; and

**WHEREAS** the Court held a confirmation hearing on the Motion on July 6, 2023, at which the Receiver and other parties presented evidence and argument in support of the Motion; and

**WHEREAS** the Court finds that, based on the Motion and the record in these proceedings, the Court makes the following findings of fact and conclusions of law:

1. On March 21, 2023, the Court entered the Receivership Order appointing James C. Lanik as Receiver for Craig Brooksby, The Estates, LLC, Avirta LLC, GG Irrevocable Trust, King Family Enterprises, LLC, Lakeshore Acquisitions, LLC, and other entities.

2. On April 27, 2023, the Receiver filed the *Motion for Order Approving Liquidation Plan and Establishing Case Procedures*. Doc. 449. On May 3, 2023, Receiver filed *Receiver's Addendum to Motion for Order Approving Case Establishing Case Procedures*. Doc. 453. On May 31, 2023, an Order was entered adopting the Case related case procedures ("Case Procedures"). Doc. 459. The Case Procedures are incorporated herein by reference.

3. Receiver Defendant Timber Refuge LLC is the current record owner of the Property.

4. The following liens, claims, and interests are asserted of record against the Property:

    a. A Deed of Trust (the "Center Street Deed of Trust") for the benefit of Center Street Lending VIII SPE, LLC in the original principal amount of $2,080,000.00 recorded on December 13, 2021 with the Mecklenburg County, North Carolina Registry at Book 36863, Page 116. A copy of this deed of trust was attached to the Motion as Exhibit A.

b. A Deed of Trust (the "JAMB IRA Deed of Trust") for the benefit of JAMB IRA Holdings, LLC in the original principal amount of $50,000.00 recorded on June 17, 2022 with the Mecklenburg County, North Carolina Registry at Book 37434, Page 858. A copy of this deed of trust was attached to the Motion as Exhibit B.

c. A Deed of Trust (the "Zamar Partners Deed of Trust") for the benefit of Zamar Parters, LLC in the original principal amount of $100,000.00 recorded on June 17, 2022 with the Mecklenburg County, North Carolina Registry at Book 37434, Page 863. A copy of this deed of trust was attached to the Motion as Exhibit C.

d. A Deed of Trust (the "Fastcap Deed of Trust") for the benefit of Fastcap, LLC in the original principal amount of $130,000.00 recorded on June 17, 2022 with the Mecklenburg County, North Carolina Registry at Book 37434, Page 868. A copy of this deed of trust was attached to the Motion as Exhibit D.

e. A Deed of Trust (the "153 Fish Deed of Trust") for the benefit of 153 Fish, LLC in the original principal amount of $162,260.59 recorded on June 17, 2022 with the Mecklenburg County, North Carolina Registry at Book 37434, Page 873.

f. A Deed of Trust (the "Funding SOS Deed of Trust") for the benefit of Funding SOS, LLC in the original principal amount of $25,000.00 recorded on June 17, 2022 with the Mecklenburg County, North Carolina Registry at Book

37434, Page 878. A copy of this deed of trust was attached to the Motion as Exhibit K.

  g. A claim of lien (the "Damon's Pool Care Claim of Lien") with an original principal amount of $995.49 as of July 27, 2022 in favor of Damon's Pool Care and Damon Harrison. A copy of VCAP listing of this claim of lien was attached to the Motion as Exhibit L.

  h. A judgment (the "LaVecchia Judgment") in favor of Robin LaVecchia entered on August 11, 2022 in the original principal amount of $238,438.93 plus interest thereon from the date of the filing the relevant action. A copy of the LaVecchia Judgment was attached to the Motion as Exhibit M.

  i. Current taxes, HOA dues, and other customary charges.

5. The Receiver engaged Compass Carolinas (the "Agent") to market and sell the Property pursuant to Paragraph 39 of the Receivership order. A copy of the listing agreement was attached to the Motion as Exhibit N. On or about April 26, 2023, the Agent listed the Property for $3,000,000.00. The Trustee, in consultation with the Agent, determined that the offer from Patrick O. Melton & Spencer H. Melton (the "Buyers") in the amount of the Offer Price is reasonable and in the best interest of the receivership estate.

6. Contingent on this Court's approval, and subject to the overbid procedures set out in the Case Procedures, the Receiver accepted the offer of the Offer Price for the purchase and sale of the Property (the "Sale"). The Receiver entered into an agreement

for the purchase and sale of the Property for the Offer Price pursuant to the Offer. A copy of the Offer was attached to the Motion as <u>Exhibit O</u>.

7. In the Motion, the Receiver requested authority to sell the Property to the Buyers for the Offer Price, or to such higher qualified overbidder who thereafter submitted the highest qualified overbid at a subsequent overbid session to be conducted under the Case Procedures, pursuant to 28 U.S.C. § 2001(b) and the approved Case Procedures.

8. The Offer requires closing on the transaction not later than 14 days after entry of the Order approving the Sale.

9. The Receiver requested authorization to pay the following items at closing:

    a. The 6% commission to the Agent pursuant to the Listing Agreement, with such payment to be a priority payment ahead of any other liens, claims, and interests;

    b. All reasonable, necessary, and customary items, such as taxes and HOA fees (including prorated amounts of the same), deed stamps, closing attorney fees, courier fees, and all other items required to be paid the Receiver pursuant to the Offer, with such payments to be a priority payment ahead of any other liens, claims, and interests;

    c. Authorizing the payment at closing to the Receiver, on behalf of the Receivership estate, reimbursement of all actual and necessary amounts paid or incurred by or on behalf of the Receiver and the Receivership estate for the publication of the required notice and the appraisals listed above, and for all

5

amounts paid or incurred to preserve the Property, including, but not limited to, amounts paid or incurred for insurance, maintenance, repairs, utilities, fees, and the like. These payments shall be a priority payment ahead of any other liens, claims, and interests; and

    d. The Center Street Trust Deed of Trust.

10. The Receiver further requested that the Property be transferred hereunder free and clear of all liens, claims, and interests with such liens, claims, and interests in the Property to attach to the proceeds of the Sale and, therefore, be extinguished by operation of law with respect to the Property.

11. The Court has reviewed the Motion, the record in this case, and the evidence presented by the Receiver and finds that the Offer represents a transaction that was negotiated, proposed, and entered into without collusion, in good faith, and from arms-length bargaining positions. Neither the Buyers nor their affiliates appear to have any relationship to the Receiver or Defendants other than as purchaser under the Offer. The Buyers are bona fide purchasers for value and seek to purchase the Property in good faith.

12. Pursuant to 28 U.S.C. § 2001(b), this Court may confirm the Receiver's sale of the Property if, after appointing three (3) disinterested persons to appraise the property, it determines that the terms of the Sale are in the best interest of the Receivership Estate. Specifically, the Offer Price of the Property must be at least two-thirds (2/3) of the appraised value pursuant to 28 U.S.C. § 2001(b).

13. Upon the Motion, the Court appointed three appraisers appointed to appraise the Property, and their respective appraisal prices are set out below:

| Appraiser | Appraised Value |
|---|---|
| Lynn S. Barwick | $3,700,000.00 |
| Peter B. Hitchens | $3,850,000.00 |
| Matthew G. McDonald | $3,800,000.00 |

The appraisers confirmed that the Offer Price is not less than two-thirds (2/3) of the average appraised values of the Property. The average of the three appraisals was $3,783,333.33. Two-thirds of that average is $2,522,222.22. The Offer Price of $3,250,000.00 is thus not less than two-thirds (2/3) of average of the three appraisals.

13. The Court may confirm the sale of private property in receivership after "the terms thereof [have been] published in such newspaper or newspapers of general circulation as the court directs at least 10 days before confirmation." 28 U.S.C. § 2001(b). The Receiver advertised the Sale in The Mecklenburg Times, a local newspaper of general circulation in Mecklenburg County, North Carolina, in the form attached to the Motion as Exhibit Q and as approved by prior order of this Court, at least 10 days before the Confirmation Hearing. The Receiver completed advertisement of the sale of the Property not later than 3 business days prior to the confirmation hearing for the Sale.

14. Qualified overbids, in accordance with the requirements of 28 U.S.C. § 2001(b) and the Case Procedures were required to be submitted not later than the earlier

of twenty-one (21) days after the filing of the Motion and three (3) business days prior to the confirmation hearing. No qualified overbids were received.

15. The hearing to confirm the Sale was held before this Court on July 6, 2023.

16. The Court has considered the objections by judgment-holder Robin LaVecchia, through counsel, and defendant Carolyn Souther. Those objections do not justify delaying the sale.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is **GRANTED** to the extent stated herein.

2. The Receiver is authorized to sell the Property, and to distribute the sale proceeds in accordance with applicable law, this Order, and further orders of the Court.

3. The Sale satisfies the requirements of 28 U.S.C. § 2001(b) and is hereby **CONFIRMED**.

4. The Receiver is authorized to complete the sale of the Property on an "as is" basis more fully described in the Offer by private sale to the Buyers, or their designees or assignees, for the Offer Price, as set out in the Motion and attachments thereto.

5. The Receiver is authorized to make the payment at closing of the 6% commission to the Agent pursuant to the Listing Agreement. This payment shall be a priority payment ahead of any other liens, claims, and interests.

6. The Receiver is authorized to pay at closing all reasonable, necessary, and customary items, such as taxes and HOA fees (including prorated amounts of the same),

deed stamps, closing attorney fees, courier fees, and all other items required to be paid the Receiver pursuant to the Offer. This payment shall be a priority payment ahead of any other liens, claims, and interests.

7. The Receiver is authorized to pay at closing to the Receiver, on behalf of the Receivership estate, reimbursement of all actual and necessary amounts paid or incurred by or on behalf of the Receiver and the Receivership estate for the publication of the required notice and the appraisals listed above, and for all amounts paid or incurred to preserve the Property, including, but not limited to, amounts paid or incurred for insurance, maintenance, repairs, utilities, fees, and the like, is hereby authorized. This payment shall be a priority payment ahead of any other liens, claims, and interests.

8. The Receiver is authorized to pay at closing the Center Street Deed of Trust.

9. The Receiver is authorized to pay the net proceeds of the sale, after payment of the foregoing items, to the Receiver on behalf of the receivership estate pending further order or orders of the Court. The Court will resolve competing claims to those funds by later orders.

10. The Receiver is authorized to sell the Property and to transfer title thereto free and clear of all unpaid liens, claims, and encumbrances with any such liens, claim, and encumbrances to attach to the remaining proceeds pending further order of this Court, and that all such liens, claims, and interests are extinguished as to the Property. Without in any way limiting the foregoing, the Property shall be sold free and clear of the asserted but unpaid liens, claims, and interests, with such liens, claims, and interests to

attach to the remaining proceeds of the sale. All of the Receiver's and such claimants' positions, arguments, and defenses are hereby preserved.

11. The Receiver is authorized to execute and deliver all documents reasonably necessary to consummate the sale of the Property.

12. The Court will retain jurisdiction to interpret and enforce the terms of any order relating hereto.

**IT IS SO ORDERED**, this the 7th day of July, 2023.

_____
UNITED STATES DISTRICT JUDGE