IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BRIAN C. WILLIAMS, et al., )
)
    Plaintiffs, )
)
v. ) 1:19-CV-1076
)
THE ESTATES LLC, et al., )
)
    Defendants. )

**RECEIVER'S MOTION AND MEMORANDUM TO COMPROMISE AND SETTLE DISPUTE REGARDING DISTRIBUTION OF FUNDS REMAINING FROM SALE OF 2104 WOODHAVEN ROAD, CHARLOTTE, NC**

JAMES C. LANIK, the Court-appointed Receiver (the "<u>Receiver</u>") for Craig Brooksby, Timber Refuge, LLC, et al. (collectively, the "<u>Receiver Defendants</u>"), hereby moves the Court, pursuant to the Court's Amended and Restated Order Appointing Receiver for Craig Brooksby, The Estates, LLC, Avirta LLC, GG Irrevocable Trust, and King Family Enterprises, LLC entered on March 21, 2023 [Dkt. No. 399] (the "<u>Receivership Order</u>") and 28 U.S.C. §2001, for an Order to approve the settlement as to the distribution of the funds remaining from the sale of 2104 Woodhaven Road, Charlotte, NC (the "<u>Property</u>"), as more fully set out below. In support of this Motion, the Receiver respectfully shows as follows:

    1.    On December 1, 2022, the Receiver was appointed as Receiver for, among other entities, Avirta, LLC ("Avirta") [Dkt. No. 362]. In connection with that initial

appointment, the Receiver began his investigation into the assets which may be available for liquidation.

2. Pursuant to the Amended Receivership Order, the Receiver became receiver for many additional entities, including, but not limited to, Timber Refuge, LLC ("Timber Refuge"). The Property was owned by Timber Refuge, which appears to be a sub-subsidiary of Avirta.

3. As a result of the Receiver's investigation, he determined that a sale of the Property for $3,250,000.00 was reasonable and in the best interests of the Receivership.

4. The following liens, claims, and interests are asserted[1] of record against the Property:

    a. A Deed of Trust (the "Center Street Deed of Trust") for the benefit of Center Street Lending VIII SPE, LLC in the original principal amount of $2,080,000.00 recorded on December 13, 2021, with the Mecklenburg County, North Carolina Registry at Book 36863, Page 116. This deed of trust was paid in full at closing.

    b. A Deed of Trust (the "JAMB Deed of Trust") for the benefit of JAMB IRA Holdings, LLC ("JAMB") in the original principal amount of $50,000.00 recorded on June 17, 2022, with the Mecklenburg County, North Carolina Registry at Book 37434, Page 858. The Property was sold free and clear of the lien of this

---

[1] The Receiver reserves his rights to with respect to any and all liens, claims, and interests in and to the Property, including, but not limited to, the right to contest the extent, validity, or priority of any such lien, claim, or interest.

deed of trust, with any and all interests related to this deed of trust attaching to the remaining proceeds of the sale.

  c. A Deed of Trust (the "Zamar Deed of Trust") for the benefit of Zamar Partners, LLC ("Zamar") in the original principal amount of $100,000.00 recorded on June 17, 2022, with the Mecklenburg County, North Carolina Registry at Book 37434, Page 863. The Property was sold free and clear of the lien of this deed of trust, with any and all interests related to this deed of trust attaching to the remaining proceeds of the sale.

  d. A Deed of Trust (the "Fastcap Deed of Trust") for the benefit of Fastcap, LLC in the original principal amount of $130,000.00 recorded on June 17, 2022, with the Mecklenburg County, North Carolina Registry at Book 37434, Page 868. Upon information and belief, the beneficial interest in this deed of trust was transferred to Gopher Holdings, LLC ("Gopher") effective as February 1, 2022. Gopher appears to be a Receivership Defendant. On October 3, 2023, the Trustee filed his Second Notice of Receivership Defendant [Dkt. No. 525] indicating that Gopher should be a Receivership Defendant. The Property was sold free and clear of the lien of this deed of trust, with any and all interests related to this deed of trust attaching to the remaining proceeds of the sale.

  e. A Deed of Trust (the "153 Fish Deed of Trust") for the benefit of 153 Fish, LLC ("153 Fish") in the original principal amount of $162,260.59 recorded on June 17, 2022, with the Mecklenburg County, North Carolina Registry at Book 37434, Page 873. Upon information and belief, 153 Fish, LLC is controlled by, or

is an affiliate of, Carolyn Souther. The Plaintiffs have sought a charging order against 153 Fish, LLC. The Property was sold free and clear of the lien of this deed of trust, with any and all interests related to this deed of trust attaching to the remaining proceeds of the sale.

  f. A Deed of Trust (the "Funding SOS Deed of Trust") for the benefit of Funding SOS, LLC ("Funding SOS") in the original principal amount of $25,000.00 recorded on June 17, 2022, with the Mecklenburg County, North Carolina Registry at Book 37434, Page 878. The Property was sold free and clear of the lien of this deed of trust, with any and all interests related to this deed of trust attaching to the remaining proceeds of the sale.

  5. In connection with such proposed sale, the following pleadings were filed (the "Sale Pleadings"):

  a. Receiver's Motion to (I) Approve the Offer to Purchase and Contract for the Real Property Located at 2104 Woodhaven Road, Charlotte, NC 28211-2608 in the Amount of $3,250,000.00 and the Sale Thereof Free and Clear of Liens, Claims, and Interests: (II) Appoint Three Licensed Appraisers; (III) Approve the Form of Notice for Publication; and (IV) Schedule Confirmation Hearing [Dkt. No. 461];

  b. Robin LaVecchia's Motion to Continue, Objection to Sale, and Incorporated Memorandum [Dkt. No. 468];

  c. Receiver's Addendum in Support of Motion to Sell Real Property and Statement of No Objection to Motion to Continue [Dkt. No. 470];

d. Receiver's Amendment to Motion to (I) Approve the Offer to Purchase and Contract for the Real Property Located at 2104 Woodhaven Road, Charlotte, NC 28211-2608 in the Amount of $3,250,000.00 and the Sale Thereof Free and Clear of Liens, Claims, and Interests; (II) Appoint Three Licensed Appraisers; (III) Approve the Form of Notice for Publication; and (IV) Schedule Confirmation Hearing [Dkt. No. 475];

e. Defendant Carolyn Souther's Response to Receiver's Amended Motion to Sell and Response to Objection to Sale by Robin LaVecchia [Dkt. No. 478]; and

f. Receiver's Second Addendum in Support of Motion to Sell Real Property [Dkt. No. 482].

The Sale Pleadings, and the orders entered by the Court in relation thereto, are incorporated herein by reference.

6. On July 7, 2023, the Court entered an order [Doc. No. 484] authorizing the Receiver, among other things, to sell the Property as set out in the Sale Pleadings and to pay at closing the following amounts:

a. All reasonable, necessary, and customary items, such as taxes and HOA fees (including prorated amount of the same), deed stamps, closing attorney fees, courier fees, and all other items required to be paid by the Receiver pursuant to the Offer (as that term is defined in the Sale Pleadings); and

b. Reimbursement of all actual and necessary amounts paid or incurred by or on behalf of the Receiver and the Receivership estate for the publication of

the required notice and the appraisals listed above, and for all amounts paid or incurred to preserve the Property, including, but not limited to, amounts paid or incurred for insurance, maintenance, repairs, utilities, fees, and the like. The receiver filed a declaration [Dkt. No. 523] (the "Receiver's Declaration") showing the amounts incurred or paid by the Receiver and the Receivership Estate in connection with the administration and sale of the Property, totaling $46,126.92.[2] The Receiver's Declaration is incorporated herein by reference.

7. On July 21, 2023, the Court entered a Memorandum Opinion and Order [Dkt. No. 492] authorizing the Receiver to pay from the proceeds of the sale of the Property:

    a. The LaVecchia Judgment (as that term is defined in the Sale Pleadings) plus interest authorized by law, totaling $324,406.63; and

    b. The lien held by Damon's Pool Care and Damon Harrison plus interest as authorized by law, totaling $995.49.

Those amounts have been paid.

---

[2] This total includes $14,656.23 to be paid to Iron Horse Auction for moving the personal property from the Property to storage. That amount has not yet been paid to Iron Horse. This total also includes $1,000.00 to The Carolina Residential Appraisals for appraisal services. However, the applicable check was intercepted by a third party and improperly cashed. The Receiver continues to work with Metropolitan Commercial Bank to recover those funds. The Receiver does not anticipate at this time having to reissue a check to The Carolina Residential Appraisers. This total further includes a refund of $746.17 not yet received by Receiver for a pro-rated credit on the Property insurance paid for July 2023. Finally, at closing, $49,963.19 was disbursed to the Receiver for such expenses, based on actual amounts paid or incurred plus certain estimates. The amounts, including estimated amounts, used to arrive at that figure are included in the Receiver's Declaration.

8. As shown by the accounting filed as part of the Receiver's Declaration, the funds remaining from the sale of the Woodhaven Property, after accounting for the foregoing amounts and payments, equal $206,236.96 (the "Remaining Funds").

9. On September 14, 2023, the Court entered an Order [Dkt. No. 514], directing, among other things, as follows:

 a. That any holder of a deed of trust who wishes to receive any proceeds from the sale of the Woodhaven property shall appear for a one-day, in-person bench trial on November 1, 2023, and present testimony and exhibits supporting its claim that the deed of trust secured a valid debt. The Court further provided that the plaintiffs and the Receiver may attend, cross-examine such witnesses, and present additional relevant evidence;

 b. Any holder of a deed of trust who intends to appear and present evidence at trial shall file a witness list and an exhibit list no later than October 11, 2023, and shall provide copies of all exhibits, labeled with exhibit numbers matching the exhibit list, to the Receiver and counsel for the plaintiffs. Because the holders of the purported deeds of trust are all LLCs, they may only participate through counsel of record. Members and managers of LLCs cannot participate personally or through personal counsel;

 c. If the plaintiffs intend to present witnesses and exhibits, they shall file witness lists and exhibit lists no later than October 18, 2023. The Receiver shall do the same, either separately or jointly with the plaintiffs, if he intends to present witnesses and exhibits. They shall provide copies of all exhibits, labeled with exhibit

7

numbers matching the exhibit list, to counsel for the holder of the deed of trust who has filed witness and exhibit lists and, if they are not acting jointly for purposes of this trial, to each other;

10. The fees and expenses related to the administration of the Property, including, but not limited to, the time and expenses for the Receiver and the Receiver's attorneys, are set out in the Receiver's Declaration. The time for the Receiver and the Receiver's attorneys equals $43,621.00 and the related expenses equal $1,619.84.

11. The Receiver, the Plaintiffs, JAMB, Zamar, 153 Fish, and Funding SOS (each a "Party" and collectively the "Parties") have negotiated a resolution regarding the distribution of the Remaining Funds, as follows:

    a. Within 10 business days of the entry of an order approving this proposed settlement, the Receiver will distribute the Remaining funds as follows:

        i. $149,658.41 to the Receiver on behalf of the receivership estate, for further distribution to the Plaintiffs on account of the underlying judgment and to pay certain administrative expenses of the receivership estate, as shall be ordered by the Court pursuant to further motion and order;

        ii. $11,044.90 to JAMB;

        iii. $22,089.79 to Zamar;

        iv. $17,921.52 to Randy Souther on account of his membership interest in 153 Fish; and

        v. $5,522.45 to Funding SOS.

b. Such distributions shall be free of any claim of any Party other than the intended Party recipient.

c. Upon entry of an Order granting this Motion, and in consideration for the payments set out above, the Parties shall release each other from any and all manner of debts, accountings, controversies, liabilities, actions, claims, demands and causes of action of any nature, which any Party now has or hereafter can, shall, or may have against any other Party regarding or relating to the Remaining Funds or the sale of the Property.

d. Each Party shall bear its own costs.

e. Nothing in this settlement should be construed or understood as an admission, statement, or presumption of liability on the party of any Party.

f. This settlement shall be binding upon and inure to the benefit of and be enforceable by the Parties and their respective successors and assigns.

g. No other person shall be entitled to claim any right or benefit hereunder, including, without limitation, the status of a third-party beneficiary of this settlement.

h. This settlement shall be governed and interpreted under the laws of the State of North Carolina, without regard to its conflict of laws principles.

i. The Court shall retain jurisdiction to resolve any dispute arising out of this motion or the settlement set out herein.

j.      This motion and settlement contain the entire agreement of the Parties hereto with respect to the subject matter hereof and may be modified or amended only by a further order of this Court.

12.     The Parties believe the settlement terms described above are fair, reasonable, and in their respective best interests, including the best interests of the receivership estate. While all Parties believe that they would ultimately prevail, this settlement avoids the significant costs, expenses, and time involved in further litigation of dispute, and the proceeds paid to the Receiver from the Settlement Payment would become property of the estate.

13.     "[N]o federal rules prescribe a particular standard for approving settlements in the context of an equity receivership; instead, a district court has wide discretion to determine what relief is appropriate."  Gordon v. Dadante, 336 F. App'x 540, 549 (6th Cir. 2009).  Here, the parties have negotiated a voluntary resolution of the dispute as to the distribution of the Remaining Funds.  That voluntary resolution should be afforded great weight.  In the bankruptcy context, "[w]hen augmentation of an asset involves protracted investigation or potentially costly litigation, with no guarantee as to the outcome, the trustee must tread cautiously—and an inquiring court must accord him wide latitude should he conclude that the game is not worth the candle." Cf. In re Mailman Steam Carpet Cleaning Corp., 212 F.3d 632, 635 (1st Cir. 2000).

14.     That same rationale should be applied here to all the Parties. They are all represented by counsel, they have had the opportunity to investigate the situation to their respective satisfaction, and they have arrived at a resolution which they find acceptable.

10

As such, this proposed resolution falls well within the Court's broad powers to fashion relief in this situation.

15. The Parties' respective agreement with the settlement and joinder to this Motion are shown by the signatures of the Parties' respective attorneys below.

WHEREFORE, the Parties request that this Court enter an order:

A. Approving the settlement as set out above;

B. Providing that within 10 business days of the entry of an order approving this proposed settlement, the Receiver will distribute the Remaining funds as follows:

    i. $149,658.41 to the Receiver on behalf of the receivership estate, for further distribution to the Plaintiffs on account of the underlying judgment and to pay certain administrative expenses of the receivership estate, as shall be ordered by the Court pursuant to further motion and order;

    ii. $11,044.90 to JAMB;

    iii. $22,089.79 to Zamar;

    iv. $17,921.52 to Randy Souther on account of his membership interest in 153 Fish; and

    v. $5,522.45 to Funding SOS.

C. Providing that such distributions shall be free of any claim of any Party other than the intended Party recipient;

D. Providing that in consideration for the payments set out above of the Settlement Payment, the Parties shall release each other from any and all manner of debts, accountings, controversies, liabilities, actions, claims, demands, and causes of action of

any nature, which any Party now has or hereafter can, shall, or may have against any other Party regarding or relating to the Remaining Funds or the sale of the Property;

E. Providing that each Party shall bear its own costs;

F. Providing that nothing in this settlement shall be construed or understood as an admission, statement, or presumption of liability on the party of any Party;

G. Providing that the settlement shall be binding upon and inure to the benefit of and be enforceable by the Parties and their respective successors and assigns;

H. Providing that no other person shall be entitled to claim any right or benefit hereunder, including, without limitation, the status of a third-party beneficiary of this settlement;

I. Providing that this Agreement shall be governed and interpreted under the laws of the State of North Carolina, without regard to its conflict of laws principles;

J. Providing that the Court shall retain jurisdiction to resolve any dispute arising out of this motion or the settlement set out herein;

K. Providing that this motion and settlement contains the entire agreement of the Parties hereto with respect to the subject matter hereof and may be modified or amended only by a further order of this Court; and

L. Providing such other and further relief as the Court deems necessary and proper.

[SIGNATURES ON FOLLOWING PAGE]

This the 11th day of October 2023.

/s/ James C. Lanik
James C. Lanik, N.C. Bar No. 30454
WALDREP WALL BABCOCK & BAILEY PLLC
370 Knollwood Street, Suite 600
Winston-Salem, NC 27103.
(336) 722-6300
jlanik@waldrepwall.com
Attorney for Receiver

WE AND OUR RESPECTIVE CLIENTS AGREE WITH AND JOIN IN THE FOREGOING MOTION:

/s/ Sara W. Higgins
N.C. Bar No. 22111
Higgins & Owens, PLLC
524 East Blvd.
Charlotte, NC 28203
Telephone: 704-366-4607
shiggins@higginsowens.com
*Attorney for JAMB IRA Holdings, LLC*

/s/ Robert E. Culver
N.C. Bar No. 34784
The Culver Firm, PC
412 Timberlane Drive
Pisgah Forest, NC 28768
Telephone: 828-376-8370
bob@culverlaw.net
*Attorney for 153 Fish, LLC*

/s/ Ross R. Fulton
N.C. Bar No. 31538
Rayburn Cooper & Durham, P.A.
227 W. Trade Street, Suite 1200
Charlotte, NC 28202
Telephone: 704-334-0891
rfulton@rcdlaw.net
*Attorney for Zamar Partners, LLC*

/s/ Joseph E. Houchin
N.C. Bar No. 42915
Kaufman @ Canoles, P.C.
4350 Lassiter at North Hills Avenue, Ste 350
Raleigh, NC 27609
Telephone: 984-222-8104
jehouchin@kaufcan.com
*Attorney for Funding SOS, LLC*

/s/ James C. White
N.C. Bar No. 31859
J.C. White Law Group, PLLC
100 Europa Drive, Suite 401
Chapel Hill, NC 27517
Telephone: 919-246-4676
jwhite@jcwhitelaw.com
*Attorney for Plaintiffs*

/s/ Dhamian A. Blue
N.C. Bar No. 31405
Blue LLP
205 Fayetteville Street
Raleigh, NC 27601
Telephone: 919-833-1931
dab@bluellp.com
*Attorney for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BRIAN C. WILLIAMS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:19-CV-1076 |
| | ) | |
| THE ESTATES LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 11, 2023, I did cause a copy of the foregoing **RECEIVER'S MOTION AND MEMORANDUM TO COMPROMISE AND SETTLE DISPUTE REGARDING DISTRIBUTION OF FUNDS REMAINING FROM SALE OF 2104 WOODHAVEN ROAD, CHARLOTTE, NC** to be served via electronic service through CM/ECF upon those who have registered for such service and by first class mail and electronic mail to those parties shown below, with sufficient postage thereon.

This the 11th day of October 2023.

/s/ James C. Lanik
James C. Lanik
N.C. Bar No. 30454
WALDREP WALL BABCOCK & BAILEY PLLC
370 Knollwood Street, Suite 600
Winston-Salem, NC 27103.
(336) 722-6300
jlanik@waldrepwall.com
*Attorneys for Receiver*

**Via CM/ECF**

ALLEN C. BROTHERTON
abrotherton@knoxlawcenter.com

CHARLES N. ANDERSON, JR.
charles.anderson@elliswinters.com

D. J. O'BRIEN, III
dobrien@brookspierce.com, aeure@brookspierce.com, courtalert@brookspierce.com

DALE CLEMONS
dale.clemons@elliswinters.com

DHAMIAN A. BLUE
dab@bluellp.com

JAMES C. LANIK
jlanik@waldrepwall.com, notice@waldrepwall.com

JAMES C. WHITE
jwhite@jcwhitelaw.com, mking@jcwhitelaw.com

JAMES M. DEDMAN, IV
jdedman@gwblawfirm.com, mcedillo@gwblawfirm.com

JAMES PAGE
martinpage@bellcarrington.com

JONATHAN T. DICKERSON
jdickerson@jcwhitelaw.com

JOSEPH HOUCHIN
jehouchin@kaufcan.com, tlobrien@kaufcan.com

KEARNS DAVIS
kdavis@brookspierce.com, courtmail@brookspierce.com, linman@brookspierce.com

KELLY A. CAMERON
kcameron@waldrepwall.com

PAUL K. SUN, JR.
paul.sun@elliswinters.com

ROBERT E CULVER
bob@culverlaw.net

SARA W. HIGGINS
shiggins@higginsowens.com

ROSS R. FULTON
rfulton@rcdlaw.net

TRENT GRISSOM
trent@swc.law

**Via Email**

CRAIG O. BROOKSBY
craig.brooksby1@gmail.com

REX KING
trex@theestates.com

KEILANI WILHELM
wilhelmkeilani@gmail.com

ORLANDO JIMENEZ
jimenezjusticecenter@yahoo.com

**Via First Class U.S. Mail**

Craig O. Brooksby
308 James Pl.
Clayton, NC 27520

U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530-0001

US Attorney's Office (MD)**
101 S. Edgeworth Street, 4th floor
Greensboro, NC 27401-6045

Internal Revenue Service
Five Resource Square
10715 David Taylor Dr., Suite 1-300
Charlotte, NC 28262

The Honorable Josh Stein
114 West Edenton Street
Raleigh, NC 27603

North Carolina Department of Revenue
Post Office Box 871
Raleigh, NC 27602

**TRANSACTION SPECIFIC COS**

**Via First Class U.S. Mail**

JAMB IRA Holdings, LLC
PO Box 812
Southern Pines, NC 28388

Matthew Bamber
Registered Agent for JAMBIRA Holdings, LLC
6 Martin Drive
Whispering Pines, NC 28327

Zamar Partners, LLC
28 Park Place, Apt. 4
Brooklyn, NY 11217

Zamar Partners, LLC
c/o Ross R. Fulton
Rayburn Cooper & Durham, P.A.
227 W. Trade Street, Ste 1200
Charlotte, NC 28202

Stephanie L. Cooper
Registered Agent for Zamar Partners, LLC
5620 Concord Pkwy S., Ste. 103
Concord, NC 28027

17

FastCap, LLC
1204 Village Market Place
Suite 195
Morrisville, NC 27560

York Surry, LLC
Registered Agent for FastCap, LLC
8311 Brier Creek Pkwy Suite 105-48
Raleigh, NC 27617

153 Fish, LLC
13379 HWY 601, #413
Midland, NC 28107

Funding SOS, LLC
1718 Capitol Avenue
Cheyenne, WY 82001

Anderson Registered Agents
Registered Agent for Funding SOS, LLC
1716 Capitol Avenue
Suite 100
Cheyenne, WY 82001