IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BRIAN C. WILLIAMS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:19-CV-1076 |
| | ) | |
| THE ESTATES LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING RECEIVER'S MOTION TO COMPROMISE AND SETTLE DISPUTE REGARDING DISTRIBUTION OF FUNDS REMAINING FROM SALE OF 2104 WOODHAVEN ROAD, CHARLOTTE, NC

**WHEREAS** this matter has come before the Court upon motion, Doc. 526, (the "Motion") of James C. Lanik, Receiver (the "Receiver") to approve the settlement as to the distribution of the funds remaining from the sale of 2104 Woodhaven Road, Charlotte, NC (the "Property"), as more fully set out below; and

**WHEREAS** the Court held a hearing on the Motion on October 18, 2023, at which the Receiver advised the Court of the reasons the settlement was appropriate and which other interested parties appeared and agreed; and

**WHEREAS** the Court finds that, based on the Motion and the record in these proceedings, the Court makes the following findings of fact and conclusions of law:

1.  On December 1, 2022, the Receiver was appointed as Receiver for, among other entities, Avirta, LLC ("Avirta"). Doc. 362. In connection with that initial appointment, the Receiver began his investigation into the assets which may be available for liquidation.

2. Pursuant to the Amended Receivership Order, the Receiver became receiver for many additional entities, including, but not limited to, Timber Refuge, LLC ("Timber Refuge"). The Property was owned by Timber Refuge, which appears to be a sub-subsidiary of Avirta.

3. As a result of the Receiver's investigation, he determined that a sale of the Property for $3,250,000.00 was reasonable and in the best interests of the Receivership.

4. The following liens, claims, and interests were asserted[1] of record against the Property:

    a. A Deed of Trust (the "Center Street Deed of Trust") for the benefit of Center Street Lending VIII SPE, LLC in the original principal amount of $2,080,000.00 recorded on December 13, 2021, with the Mecklenburg County, North Carolina Registry at Book 36863, Page 116. This deed of trust was paid in full at closing.

    b. A Deed of Trust (the "JAMB Deed of Trust") for the benefit of JAMB IRA Holdings, LLC ("JAMB") in the original principal amount of $50,000.00 recorded on June 17, 2022, with the Mecklenburg County, North Carolina Registry at Book 37434, Page 858. The Property was sold free and clear of the lien of this deed of trust, with any and all interests related to this deed of trust attaching to the remaining proceeds of the sale.

---

[1] The Receiver reserves his rights to with respect to any and all liens, claims, and interests in and to the Property, including, but not limited to, the right to contest the extent, validity, or priority of any such lien, claim, or interest.

2

c. A Deed of Trust (the "Zamar Deed of Trust") for the benefit of Zamar Partners, LLC ("Zamar") in the original principal amount of $100,000.00 recorded on June 17, 2022, with the Mecklenburg County, North Carolina Registry at Book 37434, Page 863. The Property was sold free and clear of the lien of this deed of trust, with any and all interests related to this deed of trust attaching to the remaining proceeds of the sale.

d. A Deed of Trust (the "Fastcap Deed of Trust") for the benefit of Fastcap, LLC in the original principal amount of $130,000.00 recorded on June 17, 2022, with the Mecklenburg County, North Carolina Registry at Book 37434, Page 868. Upon information and belief, the beneficial interest in this deed of trust was transferred to Gopher Holdings, LLC ("Gopher") effective as February 1, 2022. Gopher appears to be a Receivership Defendant. On October 3, 2023, the Trustee filed his Second Notice of Receivership Defendant [Dkt. No. 525] indicating that Gopher should be a Receivership Defendant. The Property was sold free and clear of the lien of this deed of trust, with any and all interests related to this deed of trust attaching to the remaining proceeds of the sale.

e. A Deed of Trust (the "153 Fish Deed of Trust") for the benefit of 153 Fish, LLC ("153 Fish") in the original principal amount of $162,260.59 recorded on June 17, 2022, with the Mecklenburg County, North Carolina Registry at Book 37434, Page 873. 153 Fish, LLC is controlled by, or is an affiliate of, the defendant Carolyn Southern; the Receiver believes that Randy Souther may have an independent interest in 153 Fish LLC. The Plaintiffs have sought a charging order

against 153 Fish, LLC. The Property was sold free and clear of the lien of this deed of trust, with any and all interests related to this deed of trust attaching to the remaining proceeds of the sale.

  f. A Deed of Trust (the "Funding SOS Deed of Trust") for the benefit of Funding SOS, LLC ("Funding SOS") in the original principal amount of $25,000.00 recorded on June 17, 2022, with the Mecklenburg County, North Carolina Registry at Book 37434, Page 878. The Property was sold free and clear of the lien of this deed of trust, with any and all interests related to this deed of trust attaching to the remaining proceeds of the sale.

 5. In connection with such proposed sale, the following pleadings were filed (the "Sale Pleadings"):

  a. Receiver's Motion to (I) Approve the Offer to Purchase and Contract for the Real Property Located at 2104 Woodhaven Road, Charlotte, NC 28211-2608 in the Amount of $3,250,000.00 and the Sale Thereof Free and Clear of Liens, Claims, and Interests: (II) Appoint Three Licensed Appraisers; (III) Approve the Form of Notice for Publication; and (IV) Schedule Confirmation Hearing, Doc. 461;

  b. Robin LaVecchia's Motion to Continue, Objection to Sale, and Incorporated Memorandum, Doc. 468;

  c. Receiver's Addendum in Support of Motion to Sell Real Property and Statement of No Objection to Motion to Continue, Doc. 470;

  d. Receiver's Amendment to Motion to (I) Approve the Offer to Purchase and Contract for the Real Property Located at 2104 Woodhaven Road,

4

Charlotte, NC 28211-2608 in the Amount of $3,250,000.00 and the Sale Thereof Free and Clear of Liens, Claims, and Interests; (II) Appoint Three Licensed Appraisers; (III) Approve the Form of Notice for Publication; and (IV) Schedule Confirmation Hearing, Doc. 475;

      e.      Defendant Carolyn Souther's Response to Receiver's Amended Motion to Sell and Response to Objection to Sale by Robin LaVecchia, Doc. 478; and

      f.      Receiver's Second Addendum in Support of Motion to Sell Real Property, Doc. 482.

6.      On July 7, 2023, the Court entered an order, Doc. 484, authorizing the Receiver, among other things, to sell the Property as set out in the Sale Pleadings and to pay at closing the following amounts:

      a.      All reasonable, necessary, and customary items, such as taxes and HOA fees (including prorated amount of the same), deed stamps, closing attorney fees, courier fees, and all other items required to be paid by the Receiver pursuant to the Offer (as that term is defined in the Sale Pleadings); and

      b.      Reimbursement of all actual and necessary amounts paid or incurred by or on behalf of the Receiver and the Receivership estate for the publication of the required notice and the appraisals listed above, and for all amounts paid or incurred to preserve the Property, including, but not limited to, amounts paid or incurred for insurance, maintenance, repairs, utilities, fees, and the like. The receiver filed a declaration, Doc. 523, (the "Receiver's Declaration") showing the

5

amounts incurred or paid by the Receiver and the Receivership Estate in connection with the administration and sale of the Property, totaling $46,126.92. The Receiver's Declaration is incorporated herein by reference.

7. On July 21, 2023, the Court entered a Memorandum Opinion and Order, Doc. 492, authorizing the Receiver to pay from the proceeds of the sale of the Property:

    a. The LaVecchia Judgment (as that term is defined in the Sale Pleadings) plus interest authorized by law, totaling $324,406.63; and

    b. The lien held by Damon's Pool Care and Damon Harrison plus interest as authorized by law, totaling $995.49.

Those amounts have been paid.

8. As shown by the accounting filed as part of the Receiver's Declaration, the funds remaining from the sale of the Woodhaven Property, after accounting for the foregoing amounts and payments, equal $206,236.96 (the "Remaining Funds").

9. On September 14, 2023, the Court entered an Order, Doc. 514, , directing, among other things, as follows:

    a. That any holder of a deed of trust who wishes to receive any proceeds from the sale of the Woodhaven property shall appear for a one-day, in-person bench trial on November 1, 2023, and present testimony and exhibits supporting its claim that the deed of trust secured a valid debt. The Court further provided that the plaintiffs and the Receiver may attend, cross-examine such witnesses, and present additional relevant evidence;

6

b. That any holder of a deed of trust who intends to appear and present evidence at trial shall file a witness list and an exhibit list no later than October 11, 2023, and shall provide copies of all exhibits, labeled with exhibit numbers matching the exhibit list, to the Receiver and counsel for the plaintiffs. Because the holders of the purported deeds of trust are all LLCs, they may only participate through counsel of record. Members and managers of LLCs cannot participate personally or through personal counsel; and

c. That if the plaintiffs intend to present witnesses and exhibits, they shall file witness lists and exhibit lists no later than October 18, 2023. The Receiver shall do the same, either separately or jointly with the plaintiffs, if he intends to present witnesses and exhibits. They shall provide copies of all exhibits, labeled with exhibit numbers matching the exhibit list, to counsel for the holder of the deed of trust who has filed witness and exhibit lists and, if they are not acting jointly for purposes of this trial, to each other.

10. The fees and expenses related to the administration of the Property, including, but not limited to, the time and expenses for the Receiver and the Receiver's attorneys, are set out in the Receiver's Declaration. The time for the Receiver and the Receiver's attorneys equals $43,621.00 and the related expenses equal $1,619.84.

11. None of the money being paid to settle the claims of the holders of the purported deeds of trust will go to any judgment debtor, directly or indirectly.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

A. The Motion, Doc. 526, is **GRANTED**.

B. The Receiver is authorized and directed to distribute the Remaining Funds within 10 business days of the entry of this Order as follows:

    i. $149,658.41 to the Receiver on behalf of the receivership estate, for further distribution to the Plaintiffs on account of the underlying judgment and to pay certain administrative expenses of the receivership estate, as shall be ordered by the Court pursuant to further motion and order;

    ii. $11,044.90 to JAMB;

    iii. $22,089.79 to Zamar;

    iv. $17,921.52 to Randy Souther on account of his membership interest in 153 Fish; and

    v. $5,522.45 to Funding SOS.

C. Such distributions shall be free and clear of any claim of any Party other than the intended Party recipient.

D. Upon entry of this Order, and in consideration for the payments set out above, the Parties shall release each other from any and all manner of debts, accountings, controversies, liabilities, actions, claims, demands, and causes of action of any nature, which any Party now has or hereafter can, shall, or may have against any other Party regarding or relating to the Remaining Funds or the sale of the Property.

E. Each Party shall bear its own costs.

F. Nothing in this settlement shall be construed or understood as an admission, statement, or presumption of liability on the party of any Party.

G. The settlement shall be binding upon and inure to the benefit of and be enforceable by the Parties and their respective successors and assigns.

H. No other person shall be entitled to claim any right or benefit hereunder, including, without limitation, the status of a third-party beneficiary of this settlement;

I. The settlement shall be governed and interpreted under the laws of the State of North Carolina, without regard to its conflict of laws principles.

J. The Court retains jurisdiction to resolve any dispute arising out of this order or the settlement set out herein.

K. This settlement contains the entire agreement of the Parties hereto with respect to the subject matter hereof and may be modified or amended only by a further order of this Court.

**IT IS SO ORDERED**, this the 18th day of October 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE