IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BRIAN C. WILLIAMS, et al., )
)
                      Plaintiffs, )
)    1:19-CV-1076
v. )
)
THE ESTATES LLC, et al., )
)
                      Defendants. )

**MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, Chief District Judge.

      In April 2022, a jury returned a verdict for the plaintiffs. In June 2022, the Court entered a money judgment against the defendants, including Carolyn Souther. That judgment has not been satisfied.

      In August 2023, the plaintiffs filed a motion for a charging order against Ms. Souther. A charging order directs a limited liability company in which a judgment debtor is an interest owner to pay money that would otherwise go to the judgment debtor toward satisfaction of the judgment. The plaintiffs allege that Ms. Souther is an interest owner in numerous LLCs and that any distributions, allocations, dividends, or payments that would be distributed to Ms. Souther by the LLCs instead should go toward their judgment.

      Under the applicable North Carolina statute, a plaintiff can receive a charging order if (1) she is a judgment creditor of the defendant; (2) the court to which she has applied is of competent jurisdiction; and (3) the defendant is an "interest owner" in the LLC. The plaintiffs are judgment creditors of Ms. Souther, this Court is of competent

jurisdiction, and Ms. Souther is an interest owner in 153 Fish, LLC, Souther Real Estate Investments, LLC, Ichthus Holdings, LLC, and Flint Acquisitions, LLC, so the charging order will issue as to those LLCs. The retirement account held by CSIRA, LLC itself is protected by statute from creditors, but the Court is still evaluating whether any distributions made by CSIRA to Ms. Souther are also protected; the motion as to CSIRA remains under advisement. The record does not clearly establish that Ms. Souther has an ownership interest in the remaining LLCs, so as to those, the motion will be denied.

I. **North Carolina's Charging Order Statute**

The enforcement of a money judgment is governed by Rule 69 of the Federal Rules of Civil Procedure, which requires that procedures be in accordance "with the procedure of the state where the court is located," FED. R. CIV. P. 69(a)(1), here North Carolina. North Carolina law defines a "charging order" as the "exclusive remedy by which a judgment creditor of an interest owner [in an LLC] may satisfy the judgment from or with the judgment debtor's ownership interest." N.C. Gen. Stat. § 57D-5-03(d).

This Court previously discussed charging orders in-depth in connection with an earlier motion filed by the plaintiffs seeking charging orders against other defendants. *See* Doc. 292 at 2–4; *Williams v. Estates LLC*, No. 19-CV-1076, 2022 WL 3226659, at *1–3 (M.D.N.C. Aug. 10, 2022). That discussion is incorporated by reference. To summarize, a court of competent jurisdiction can require the economic interest of an interest owner in an LLC to be paid to a judgment creditor rather than the interest owner. *See Williams*, 2022 WL 3226659, at *1; § 57D-5-03(a).

North Carolina statute defines an "interest owner" as a "member or an economic interest owner." § 57D-1-03(15). An "economic interest owner" is "a person who owns an economic interest but is not a member," § 57D-1-03(11), and an "economic interest" is "[t]he proprietary interest of an interest owner in the capital, income, losses, credits, and other economic rights and interests of a limited liability company, including the right of the owner of the interest to receive distributions from the limited liability company." § 57D-1-03(10). When entered, a charging order gives the judgment creditor "the right to receive distributions that would otherwise be paid to the interest owner with respect to the economic interest," but the LLC is not responsible for the judgment. *See* § 57D-5-03(a); *Williams*, 2022 WL 3226659, at *2.

A plaintiff seeking a charging order must show (1) the plaintiff is a judgment creditor of the defendant; (2) the court to which the plaintiff applied is a court of competent jurisdiction; and (3) the defendant is an interest owner in the LLC. *Williams*, 2022 WL 3226659, at *2. Here, neither party contests that the plaintiffs are judgment creditors of the defendant or that this Court is of competent jurisdiction.[1]

## II. Defendant's Ownership Interests

### A. 153 Fish, LLC and Souther Real Estate Investments, LLC

In her answers to interrogatories, Ms. Souther affirms that she is a member and owner of 153 Fish, LLC and Souther Real Estate Investments, LLC, Doc. 508 at 5–6, and

---

[1] For further discussion on why the plaintiffs are judgment creditors and this Court is of competent jurisdiction see *Williams*, 2022 WL 3226659, at *2–3.

she acknowledges these facts in her response to the plaintiffs' motion seeking charging orders. Doc. 518-1 at 2. Because Ms. Souther's membership makes her an interest owner, § 57D-1-03(15), the plaintiffs are entitled to a charging order directing those LLCs to pay any moneys due to Ms. Souther into the court to be used towards satisfaction of the judgment.

### B. Ichthus Holdings, LLC and Flint Acquisitions, LLC

In her answers to interrogatories, Ms. Souther explicitly affirms that she is the owner and 50% economic interest (EI) holder of Ichthus Holdings, LLC. Doc. 508 at 11. It seems obvious that an owner of an LLC has an economic interest in the LLC, and under North Carolina law, an owner of an LLC is the same as a member. *Hamby v. Profile Prods., LLC*, 361 N.C. 630, 636, 652 S.E.2d 231, 235 (2007); *S. Shores Realty Servs., Inc. v. Miller*, 251 N.C. App. 571, 584, 796 S.E.2d 340, 351 (2017). This admission establishes that Ms. Souther has an economic interest in Ichthus subject to a charging order.

As to Flint Acquisitions, LLC, Ms. Souther states in her answers to interrogatories that she has a 10% economic interest in Flint. Doc. 508 at 15. This likewise establishes that she has an interest in Flint subject to a charging order.

Ms. Souther contends that these admissions by her, under oath, *id.* at 37, are insufficient to prove she has an ownership interest in these two LLCs. Doc. 518 at 4–5. In her briefing in opposition to the motion, she says that the interrogatory did not define the phrase "economic interest" with specificity, and that she interpreted "economic

4

interest" more broadly than the statutory definition. *Id.* These arguments are not persuasive.

First the term "economic interest" is defined by statute. N.C. Gen. Stat. § 57D-1-03(10). In her answers to the interrogatories, Ms. Souther does not object to the term as vague. *See* Doc. 508 at 5 (objecting only to the phrase "directly or indirectly involved" as vague and ambiguous). Moreover, these interrogatories were answered in August 2023, Doc. 508 at 37, after the plaintiffs had previously sought charging orders against other judgment debtors, Doc. 247, after the Court issued an opinion in which it discussed the statutory term "economic interest," Doc. 292 at 3, and after court hearings at which the plaintiffs, in Ms. Souther's lawyer's presence, discussed the possibility of seeking other charging orders. Doc. 499 at 24–25. Ms. Souther's claim that she understood this phrase more broadly is disingenuous.

Second, Ms. Souther does not provide evidence to support a finding that she does not have an economic interest in either LLC. She offers her sworn statement explaining her affiliation with some of the other LLCs at issue, but she does not address Flint or Ichthus directly. *See* Doc. 518-1. In her brief, Ms. Souther through counsel says she has no interest in many of the LLCs she names in her answers to the interrogatory, but statements in a brief are not evidence. *City of Greensboro v. Guilford Cnty. Bd. of Elections*, No. 15-CV-559, 2017 WL 11488724, at *1 n.4 (M.D.N.C. Jan. 26, 2017) (collecting cases); *see also Hill v. Carvana, LLC*, No. 22-CV-37, 2022 WL 1625020, at *3 (M.D.N.C. May 23, 2022). Even if the statements in the brief are considered, counsel says nothing in the brief about Flint and Ichthus specifically.

5

Third, Ms. Souther's answers to the interrogatory are clear. In those answers, she states, under oath, that she is an owner of and 50% "EI" holder in Ichthus. Doc. 508 at 11. When answering the interrogatory, Ms. Souther defined her relationship with some LLCs, by using other terms like contractor, lender, or client. *See, e.g.*, *id.* at 14. Ms. Souther includes the label "client" when discussing Ichthus, but she offers no explanation of this label, and it doesn't contradict the fact, which she herself affirms under oath, that she is an owner of the LLC. *Id.* at 11. As to Flint, Ms. Souther explicitly states that she has a 10% "EI" in the LLC. *Id.* at 15.[2]

The plaintiffs are entitled to a charging order directing these two LLCs to pay any moneys due to Ms. Souther into the court to be used towards satisfaction of the judgment.

### C. CSIRA, LLC

In her answer to interrogatories, Ms. Souther states that she has a 100% "EI" in CSIRA, LLC. *Id.* at 6. She thus has an economic interest in CSIRA.

In a clarifying declaration, Ms. Souther affirms that American IRA, LLC established CSIRA to administer and make investments for Ms. Souther's self-directed IRA. Doc. 518-1 at 1, 22–24. The plaintiffs offer no contradictory evidence. North Carolina law protects certain property from the claims of creditors, including

---

[2] Even if one accepted the assertions in her brief as evidence, they support a finding that she has an economic interest. In her interrogatory answer, Ms. Souther included the label "contractor" in her answer about Flint. Doc. 508 at 15. In her brief, she says that being a contractor means she is entitled to a percentage of an LLC's profits. Doc. 518 at 5. This constitutes an economic interest. *See* § 57D-1-03(10), -(11), -(15).

"[i]ndividual retirement plans as defined in the Internal Revenue Code and any plan treated in the same manner." § 1C-1601(a)(9).

While funds held in an IRA are protected from creditors by statute, the Court is still evaluating whether that same protection extends to funds once they are disbursed to the owner of the IRA. The motion for a charging order against CSIRA remains under advisement.

D. Remaining LLCs

For the 48 remaining LLCs, the only evidence cited by the plaintiffs is in Ms. Souther's interrogatory answers. Doc. 507 at 6; Doc. 508 at 5–22. But these answers do not establish that Ms. Souther is a member or that she has an economic interest in any of these LLCs.

In her interrogatory answers, Ms. Souther affirms that 24 of these LLCs are dissolved or delinquent[3] and the plaintiffs offer no contrary evidence. If an LLC is dissolved, it is hard to see how anyone has an economic interest in it. The plaintiffs do not address this in their briefing.

---

[3] Ms. Souther affirmed that the following LLCs were considered dissolved or delinquent: Jonah Holdings, Doc. 508 at 6–7, Castednet, LLC, *id.* at 7, High Places 1B, LLC, *id.*, Scottish Pass, LCC, *id.* at 8, 2 and 5 Fish, LLC, *id.*, Keziah Holdings, LLC, *id.* at 9, GSBoreals, LLC, *id.*, CH Property Holdings, *id.* at 10, Beau Holdings, *id.*, Cedar House Properties, *id.*, Mister Property Holdings, LLC, *id.* at 10–11, Sweet Conifer Holdings, LLC, *id.* at 11, Field View, LLC, *id.* at 11–12, Bethsaida, LLC, *id.* at 12, KTL Holdings, LLC, *id.*, 12085 Morehead Holdings, *id.* at 12–13, Misty Meadows 25A, LLC, *id.* at 13, Misty Meadows 35A, LLC, *id.*, Chunker, LLC, *id.* at 14, Sand Fin Holdings, LLC, *id.*, Eris Acquisitions, *id.* at 15, Dover Properties, *id.* at 17, Crius Properties, *id.* at 18–19, and Aurus Holdings. *Id.* at 19–20.

For the additional 24 LLCs, which Ms. Souther identifies as either active or of unknown legal status, Ms. Souther either names other people or LLCs as members, or she does not admit she is an owner or otherwise has any interest that constitutes an economic interest.[4]  For example:

- She identifies James Randal Souther IRA, LLC as an IRA belonging to her husband.  Doc. 508 at 6.  Nothing in the interrogatory answer implies that she has an economic interest in this LLC.

- She identifies Maldives, LLC as owned by Mbeja Lomotay and says that she does not know who the members are.  *Id.* at 16.  She says she is or was a "contractor" for this LLC, but that her "EI" is "0%."  *Id.*

- She names Timber Refuge as an active LLC and admits to being a manager of it and a lender to it, but she denies being an owner or member.  *Id.* at 19.

- She names Evergreen Property Holdings as an active LLC and admits to being a manager, but she identifies 153 Fish as a member and Craig Brooksby as owner.[5]  *Id.* at 13.

---

[4]These LLCs are:  James Randal Souther IRA, LLC, Doc. 508 at 6, Gideer, *id.* at 9, Evergreen Property Holdings, *id.* at 13, King David I, *id.* at 14, 71 Cam, *id.* at 14–15, Trench Holdings, *id.* at 15–16, Vilnius, *id.* at 16, Maldives, LLC, *id.*, Versa Properties, LLC, *id.* at 16–17, Centauri Acquisitions, *id.* at 17, Hunter Path, *id.* at 17–18, Hunter Valley, *id.* at 18, Biscay, LLC, *id.*, Icon Acquisitions, *id.*, Timber Refuge, *id.* at 19, Outlander Acquisitions, *id.*, Little Strand, *id.* at 20, Oxford Acquisition, *id.*, Stansted, *id.* at 20–21, Hillside Acquisitions, *id.* at 21, Bristol Acquisitions, *id.*, Greenmeadows Acquisitions, *id.* at 21–22, Hevea, *id.* at 22, and Lynx Holdings.  *Id.*

[5] Whether someone who is a member of an LLC that is a member of a second LLC has an economic interest in the second LLC is not completely clear.  At least one court has held that indirect ownership through another LLC is not enough to establish a chargeable ownership

There are similar problems with the rest of the LLCs of active or of unknown legal status. The plaintiffs do not make a specific argument about these LLCs and instead make only the conclusory argument that "in post-judgment interrogatories Ms. Souther identified an 'economic interest' in multiple other LLCs." Doc. 507 at 6. This is insufficient, especially when the interrogatory answers do not appear to support this contention.

The plaintiffs' motion seeking a charging order against the remaining LLCs will be denied as the evidence does not show Ms. Souther has an ownership interest in any of the companies.

It is ordered that the plaintiffs' motion for a charging order, Doc. 506, is **GRANTED** as to Ms. Souther's interest in 153 Fish, LLC, Souther Real Estate Investments, LLC, Ichthus Holdings, LLC, and Flint Acquisitions, LLC. A separate charging order will issue. The motion as to CSIRA, LLC remains under advisement. As to all other LLCs, the motion is **DENIED**.

This the 19th day of October, 2023.

                                                                  UNITED STATES DISTRICT JUDGE

---

interest. *See Am. Bank Ctr. v. Barker*, No. 18-CV-103, 2019 WL 13221937, at *1–2 (W.D.N.C. July 18, 2019). The plaintiffs have not persuasively explained why this case should not be followed.